No. 21-56293

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### JANE DOES NO. 1–6, et al.

*Plaintiffs-Appellants.*

v.

### REDDIT, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the Central District of California
Case No. 8:21-cv-00768-JVS-KES; Honorable James V. Selna

### APPELLANTS' OPENING BRIEF

DAVIDA BROOK
KRYSTA K. PACHMAN
HALLEY W. JOSEPHS
**SUSMAN GODFREY L.L.P.**
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
dbrook@susmangodfrey.com
kpachman@susmangodfrey.com
hjosephs@susmangodfrey.com
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

ARUN SUBRAMANIAN
TAMAR E. LUSZTIG
AMY GREGORY
**SUSMAN GODFREY L.L.P.**
1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
asubramanian@susmangodfrey.com
tlusztig@susmangodfrey.com
agregory@susmangodfrey.com
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

STEVE COHEN
RAPHAEL JANOVE
**POLLOCK COHEN LLP**
60 Broad Street, 24th Fl.
New York, NY 10004
scohen@pollockcohen.com
rafi@pollockcohen.com
Telephone: (212) 337-5361

*Attorneys for Appellants Jane Does No. 1–6 & John Does No. 2, 3, and 5*

## <u>TABLE OF CONTENTS</u>

JURISDICTIONAL STATEMENT ...................................................................1

STATUTORY AUTHORITIES ........................................................................1

INTRODUCTION .............................................................................................2

STATEMENT OF THE ISSUES.......................................................................5

STATEMENT OF THE CASE ..........................................................................6

I.     LEGAL BACKGROUND.........................................................................6

     A.    2000: Congress Addresses The Rising Problem Of Sex Trafficking Through Passage Of The Trafficking Victims Protection Act ........................................................................6

     B.    2003: Congress Reauthorizes The TVPRA To Include A Civil Remedy For Sex Trafficking Victims ....................................6

     C.    2008: Congress Again Reauthorizes The TVPRA To Expand The Civil Remedy For Sex Trafficking Victims To Suits Against "The Perpetrator *Or Whoever Knowingly Benefits*"...............7

     D.    2018: Congress Clarifies Section 230 Does Not Immunize Interactive Computer Service Providers From Suit Under The TVPRA ..........................................................................8

II.    FACTUAL BACKGROUND.....................................................................9

     A.    Reddit's Website .........................................................................9

     B.    Reddit's Lucrative Underage Sex Trafficking Business....................10

          1.    Reddit's subreddit-driven platform makes it easy for users to upload, share, view, download, and solicit child pornography. ..................................................10

          2.    Reddit generates massive income from advertising and fees tied to users seeking child pornography. ...................12

          3.    Reddit's moderators and administrators knowingly encourage the posting of child pornography and fail to remove such content and the users who post it.........................13

i

4. Reddit refuses to enforce its own policy against child pornography. .............................................................15

C. The Sex Trafficking Of Plaintiff Jane Doe And The Minor Daughters Of Other Doe Plaintiffs......................................16

III. PROCEDURAL HISTORY ........................................................18

SUMMARY OF THE ARGUMENT .................................................19

STANDARD OF REVIEW .............................................................24

ARGUMENT .................................................................................25

I. FOSTA ABROGATES SECTION 230 IMMUNITY FOR ALL CIVIL SEX TRAFFICKING CLAIMS UNDER SECTION 1595 OF THE TVPRA .......................................................................25

A. The District Court Erred In Holding That FOSTA Only Abrogates Section 230 Immunity For Section 1595 Claims Against The "Perpetrator" Of A Criminal Violation. ........................25

1. Plain Text ................................................................26

2. Context ...................................................................30

3. Purpose...................................................................31

B. FOSTA's Legislative History Confirms Plaintiffs' Plain Language Reading. ...............................................................34

II. THE DISTRICT COURT VOIDED SECTION 1595'S CONSTRUCTIVE KNOWLEDGE STANDARD BY REQUIRING PLAINTIFFS TO SATISFY A CRIMINAL *MENS REA* STANDARD. .......................................................................37

III. UNDER THE PROPER STANDARD, PLAINTIFFS ADEQUATELY PLEADED A SECTION 1595 CLAIM AGAINST REDDIT. .......................................................................41

A. Plaintiffs Are The Victims Of Sex Trafficking Under Section 1591. ...................................................................42

1. Child pornography is a commercial sex act.............................42

     2.     Plaintiffs allege they are victims of sex trafficking. ...............42

  B.     Reddit Knowingly Received A Benefit...............................44

  C.     Reddit Participated In A Venture Under Section 1595.......................47

     1.     The District Court applied an incorrect standard for "participation in a venture."........................................47

     2.     Applying the correct standard, Plaintiffs plead Reddit's participation.................................................49

  D.     Reddit "Knew Or Should Have Known" Of The Trafficking. ...........54

IV.    PLAINTIFFS ADEQUATELY ALLEGED THAT REDDIT ITSELF VIOLATED SECTION 1591 ...........................................57

CONCLUSION ..................................................................................60

STATEMENT OF RELATED CASES ..................................................61

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Canosa v. Ziff,*
    No. 18 Civ. 4115, 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) .........................59

*Conn. Nat. Bank. v. Germain,*
    503 U.S. 249 (1992)...................................................................................25

*Curtis v. Irwin Indus., Inc.,*
    913 F.3d 1146 (9th Cir. 2019) ...........................................................24

*Doe #1 v. Red Roof Inns, Inc.,*
    21 F.4th 714 (11th Cir. 2021) ..................................................*passim*

*Doe S.W. v. Lorain-Elyria Motel, Inc.,*
    No. 2:19-CV-1194, 2020 WL 1244192 (S.D. Ohio Mar. 16, 2020) .................55

*Doe v. Kik Interactive,*
    482 F. Supp. 3d 1242 (S.D. Fla. 2020) ...............................................29

*Doe v. Mindgeek USA Inc.,*
    No. 8:21-cv-00338-CJC-ADS, --- F. Supp. 3d ---, 2021 WL 4167054, at
    *4 (C.D. Cal. Sept. 3, 2021) ("*Mindgeek I*") ..............................................*passim*

*Doe v. Mindgeek USA Inc.,*
    No. 8:21-cv-00338-CJC-ADS, --- F. Supp. 3d ---, 2021 WL 5990195
    (C.D. Cal. Dec. 2, 2021) ("*Mindgeek II*") ..................................................*passim*

*Doe v. Twitter, Inc.,*
    No. 21-cv-00485-JCS, --- F. Supp. 3d ---, 2021 WL 3675207 (N.D. Cal.
    Aug. 19, 2021) ...........................................................................*passim*

*E.S. v. Best W. Int'l, Inc,*
    510 F. Supp. 3d 420 (N.D. Tex. 2021) .......................................................39, 47

*H.H. v. G6 Hosp., LLC,*
    No. 2:19-CV-755, 2019 WL 6682152 (S.D. Ohio Dec. 6, 2019) ....45, 48, 54, 56

*Holloway v. United States*,
526 U.S. 1 (1999) ................................................................26

*Hooks v. Kitsap Tenant Support Servs., Inc.*,
816 F.3d 550 (9th Cir. 2016) ...............................................40

*J.B. v. G6 Hosp., LLC*,
No. 19-cv-07848-HSG, 2021 WL 4079207 (N.D. Cal. Sept. 8, 2021) .......*passim*

*J.C. v. Choice Hotels Int'l, Inc.*,
No. 20-cv-00155, 2020 WL 6318707 (N.D. Cal. Oct. 28, 2020) ......................54

*Jane Doe No. 1 et al. v. BackPage.com, LLC*,
817 F.3d 12 (1st Cir. 2016) ..................................................31

*M.A. v. Wyndham Hotels & Resorts, Inc.*,
425 F. Supp. 3d 959 (S.D. Ohio 2019) ...............................................56

*M.L. v. craigslist Inc.*,
No. C19-6153, 2020 WL 5494903 (W.D. Wash. Sept. 11, 2020) ...29, 43, 51, 57

*Maine Cmty. Health Options v. United States*,
140 S. Ct. 1308 (2020) .........................................................30

*Mogadam v. Fast Eviction Servs.*,
No. SACV 14-01912 JVS (RNBx), 2015 WL 1534450 (C.D. Cal. Mar.
30, 2015) ........................................................................49

*Peyton v. Rowe*,
391 U.S. 54 (1968) .............................................................32

*Rowe v. Educ. Credit Mgmt. Corp.*,
559 F.3d 1028 (9th Cir. 2009) ...............................................25

*S.Y. v. Naples Hotel Co.*,
476 F. Supp. 3d 1251 (M.D. Fla. 2020) .............................................54

*Tcherepnin v. Knight*,
389 U.S. 332 (1967) .........................................................32

*Thrifty Oil Co. v. Bank of Am. Nat. Trust & Sav. Ass'n*,
322 F.3d 1039 (9th Cir. 2003) ................................................25, 26

*TRW Inc. v. Andrews*,
   534 U.S. 19 (2001) ........................................................................40

*U.S. v. Haas*,
   986 F.3d 467 (4th Cir. 2021) ........................................................43

*U.S. v. Robinson*,
   702 F.3d 22 (2d Cir. 2012) ...........................................................44

*U.S. v. Thomsen*,
   830 F.3d 1049 (9th Cir. 2016) .................................................34, 35

*United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*,
   837 F.3d 1055 (9th Cir. 2016) .......................................................29

*Wadler v. Bio Rad Labs., Inc.*,
   916 F.3d 1176 (9th Cir. 2019) .......................................................32

*Williams v. Paramo*,
   775 F.3d 1182 (9th Cir. 2015) .......................................................37

*Williams v. Yamaha*,
   851 F.3d 1015 (9th Cir. 2017) .............................................41, 49, 54

**Statutes**

18 U.S.C. §1589 ................................................................................6, 7

18 U.S.C. §1590 ................................................................................6, 7

18 U.S.C. § 1591 ...........................................................................*passim*

18 U.S.C. § 1595 ...........................................................................*passim*

28 U.S.C. § 1291 ..................................................................................1

28 U.S.C. § 1331 ..................................................................................1

47 U.S.C. 230 ..............................................................................*passim*

Pub. L. No. 104-104, 110 Stat. 56 (Feb. 8, 1996)....................................31

Pub. L. No. 106-386, 114 Stat. 1464 (Oct. 28, 2000)...........................6, 43

Pub. L. No. 108-193, 117 Stat. 2875 (Dec. 19, 2003) ...............................................6

Pub. L. No. 110-457, 122 Stat. 5044 (Dec. 23, 2008) ...............................................8

Pub. L. No. 114-22, 129 Stat. 239 (May 29, 2015) .................................................43

Pub. L. No. 115-164, 132 Stat. 1253 (Apr. 11, 2018) ....................................*passim*

**Rules**

Fed. R. App. P. 4(a)(1)(A) ......................................................................................1

Fed. R. Civ. P. 9(b) ...............................................................................................54

Fed. R. Civ. P. 12(b)(6)..........................................................................................24

**Other Authorities**

H.R. Rep. No. 115-199 (July 6, 2017) ....................................................................36

H.R. Rep. No. 115-572 (Feb. 20, 2018)..............................................................8, 34

Stmt. of Rep. Jackson-Lee, H1291 (Feb. 27, 2018) ...............................................35

Stmt. of Sen. Portman, S1745 (Mar. 15, 2018) ......................................................35

## **JURISDICTIONAL STATEMENT**

The District Court had jurisdiction pursuant to 28 U.S.C. §1331 because the claims asserted in this case arise under 18 U.S.C. §1595(a). This Court has jurisdiction under 28 U.S.C. §1291 as an appeal from a final decision of the District Court dismissing all claims with prejudice dated October 28, 2021. ER-6. Plaintiffs timely appealed on November 29, 2021. ER-3; Fed. R. App. P. 4(a)(1)(A).

## **STATUTORY AUTHORITIES**

The relevant statutory authorities appear in the Addendum to this brief, which is appended hereto.

## **INTRODUCTION**

18 U.S.C. §1595(a) provides sex-trafficking victims—like the children in this case—with a federal civil remedy not only against traffickers, but "**whoever knowingly benefits**" from a venture that the person knew or even "**should have known**" was engaged in illegal trafficking.  Congress has further made clear that this broad remedy extends to cases against online websites like Reddit.  While websites can't be sued for other types of claims under Section 230 of the Communications Decency Act ("CDA"), Congress stripped websites of this immunity for claims relating to sex-trafficking, noting that the CDA has "**No effect on sex trafficking law**" and that "**Nothing** . . . **shall be construed to impair or limit** . . . **any** claim in a civil action brought under Section 1595 of title 18" as long as "the conduct underlying the claim constitutes a violation of [18 U.S.C. §]1591."  47 U.S.C. §230(e)(5)(A).

This case squarely fits under the plain language of §1595, a provision of the Trafficking Victims Protection Reauthorization Act ("TVPRA").  Plaintiffs' Amended Complaint alleges in hundreds of detailed allegations that Reddit refuses to prevent, detect, and remove known illegal content or ban repeat offenders who traffic in child pornography—all to Reddit's profit.  For these reasons, Reddit violated §1595 by "knowingly benefit[ting]" from participation in a venture that it knew or "should have known" was engaged in illegal trafficking.  And it is precisely

the kind of case Congress made clear is not subject to immunity under the CDA. The Amended Complaint alleges a §1595 violation where "the conduct underlying the claim"—the trafficking of the children in this case by Reddit moderators and others—is alleged to be "a violation of Section 1591," and not a violation of the myriad other criminal statutes that can serve as a predicate for a §1595 claim. Given this, Plaintiffs should have at least been given a chance to take discovery to determine the full extent of Reddit's participation in the illegal sex-trafficking venture described in the Amended Complaint. But Reddit wants to short-circuit any inquiry into its behind-the scenes knowledge, participation, and action or inaction concerning the endemic presence of child porn on its site.

The District Court held that Plaintiffs' §1595 claim was foreclosed by the CDA. In doing so, the Court re-wrote the language of the CDA, ignored Congress' broad remedial purpose in excising civil sex trafficking claims arising under §1595 from CDA immunity, and gutted the enforcement of §1595 in the online context, flouting Congress' express intent. In particular, while Congress broadly excluded §1595 civil claims from the CDA where "the conduct" underlying the claim constitutes a sex-trafficking crime under §1591, the District Court effectively held that claims are only excluded where "the **defendant's** conduct" itself is a crime. ER-17–18 (§230(e)(5)(A) "provides an exemption from immunity for a section 1595 claim if, but only if, the defendant's conduct amounts to a violation of section 1591")

3

(internal quotation marks omitted). That limitation is nowhere in the CDA. Further, the District Court's decision directly conflicts with the plain language of §1595, which expressly authorizes claims not only against the criminal traffickers themselves, but also those defendants—like Reddit—who "knowingly benefit" from participation in a venture they "should have known" was engaged in trafficking. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723–25 (11th Cir. 2021). The District Court's unsupported decision imperils civil enforcement of federal sex-trafficking laws, denies victims the remedies that Congress guaranteed, in the realm where they are most needed, and must be reversed.

## STATEMENT OF THE ISSUES

1.      Whether Section 230(e)(5)(A) of the Communications Decency Act allows a plaintiff to bring a civil sex trafficking claim against a website under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. §1595(a), regardless of whether the plaintiff alleges that the website itself violated the criminal provision of the TVPRA, 18 U.S.C. §1591.

2.      Whether §1595(a)'s "knew or should have known" constructive knowledge standard for civil claims, rather than §1591's criminal *mens rea* standard, applies equally to websites as to other types of defendants.

3.      Whether Plaintiffs adequately plead a claim that Reddit violated 18 U.S.C. §1595(a) by enabling and encouraging the online publication of child pornography, which amounts to knowingly benefiting from participation in a venture that Reddit knew or should have known involved sex trafficking.

4.      Whether Plaintiffs adequately alleged that Reddit itself violated 18 U.S.C. §1591(a)(2).

## STATEMENT OF THE CASE

## I.    LEGAL BACKGROUND

### A.    2000: Congress Addresses The Rising Problem Of Sex Trafficking Through Passage Of The Trafficking Victims Protection Act

Sex trafficking and the proliferation of child pornography are rapidly growing problems in the United States.  Human trafficking is a 150-billion-dollar industry with over 40 million estimated victims, 25% of whom are children.  ER-39 (FAC ¶22).  Recognizing this rapidly growing problem, in 2000, Congress enacted the Trafficking Victims Protection Act ("TVPA").  Pub. L. No. 106-386, 114 Stat. 1464, 1486–88 (Oct. 28, 2000), which, among other things, added new criminal provisions to the U.S. Code that prohibited sex trafficking of children or by force, fraud or coercion (18 U.S.C. §1591).  *Id.* §112 (titled "strengthening prosecution and punishment of traffickers").

### B.    2003: Congress Reauthorizes The TVPRA To Include A Civil Remedy For Sex Trafficking Victims

Just three years later, Congress passed the Trafficking Victims Protection Reauthorization Act of 2003 ("TVPRA").  Pub. L. No. 108-193, 117 Stat. 2875, 2878 (Dec. 19, 2003).  The TVPRA created a civil remedy to allow victims of sex trafficking, slavery, and forced labor to sue for damages in federal court.  *Id.* §4 (creating 18 U.S.C. §1595(a)).  Specifically, under the newly authorized §1595(a), sex trafficking victims could sue ***"the perpetrator"*** of criminal violations of the previously enacted Sections 1589, 1590, or 1591 of Title 18 of the U.S. Code:

(a) An individual who is a victim of a violation of Section 1589, 1590, or 1591 of this chapter may bring a civil action against ***the perpetrator*** in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. §1595(a) (2003) (emphasis added).[1]

### C. 2008: Congress Again Reauthorizes The TVPRA To Expand The Civil Remedy For Sex Trafficking Victims To Suits Against "The Perpetrator *Or Whoever Knowingly Benefits*"

In 2008, Congress again addressed the problem of child sex trafficking by amending §1595 of the TVPRA to enhance victims' civil recourse in three critical ways—including by expanding the individuals and entities against whom trafficking victims could bring civil suits. Specifically, the new—and operative—§1595:

(1) Expanded civil liability by authorizing claims not only "against the perpetrator," *i.e.*, the victim's trafficker, but also against ***whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter,*** *i.e.*, third-party beneficiaries of child sex trafficking;

(2) Granted victims of a violation of ***any*** provision of Chapter 77 of Title 18 (not just Section 1589, 1590, or 1591) the civil remedy against such wrongdoers; and

---

[1] These provisions cover forced labor (§1589); trafficking involving peonage, slavery, involuntary servitude, or forced labor (§1590); and sex trafficking of children or by force, fraud, or coercion (§1591).

(3) Provided a ten-year statute of limitations period.

Pub. L. No. 110-457 §221(2), 122 Stat. 5044, 5067 (Dec. 23, 2008) (header: "enhancement of civil action"). The amended, and operative, §1595(a) reads:

> (a) An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator ***(or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter)*** in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. §1595(a) (emphasis added).

### D. 2018: Congress Clarifies Section 230 Does Not Immunize Interactive Computer Service Providers From Suit Under The TVPRA

In 2018, Congress once again confirmed that victims of sex trafficking could sue their perpetrators—*or* those who benefited from that illegal activity—and specifically permitted victims to sue websites (like Reddit) who benefit from such content. Congress did so by enacting the Allow States and Victims to Fight Online Sex Trafficking Act/Stop Enabling Sex Traffickers Act ("FOSTA"). As the name suggests, FOSTA was enacted to address the proliferation of sex trafficking online. *See* Pub. L. No. 115-164, 132 Stat. 1253 (Apr. 11, 2018); H.R. Rep. No. 115-572, at 3–4 (Feb. 20, 2018). Through FOSTA, Congress amended Section 230 of the Communications Decency Act ("CDA"), which otherwise immunizes interactive computer service providers ("ICS providers" or "websites") from liability arising

from third-party content, *see* 47 U.S.C. §230(c)(1), to carve out immunity from claims arising under §1595 of the TVPRA. The newly amended—and operative—Section 230 reads in relevant part:

> **No effect on sex trafficking law**
>
> Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit—(A) any claim in a civil action brought under section 1595 of Title 18, if the conduct underlying the claim constitutes a violation of section 1591 of that title.

Section 230(e)(5)(A).[2] The effect of this amendment was to clarify that victims of sex trafficking could sue ICS providers that were perpetrators of §1591 violations, *or* had benefited from someone else's illegal conduct in violation of that same statute. *See* Pub. L. No. 115-164 §4, 132 Stat. 1253, 1254 (header: "ensur[e] ability to enforce federal and state criminal *and civil law* relating to sex trafficking") (emphasis added).

## II.    FACTUAL BACKGROUND

### A.    Reddit's Website

Reddit is an enormously popular social media platform that bills itself as "the front page of the internet." ER-43–44 (FAC ¶37). It is the fourth most popular website in the United States, with more than 52 million daily active users who collectively post on the website billions of times each year. ER-43 (*Id.* ¶36). Reddit

---

[2] Subsection (c)(2)(A) of §230 protects ICS providers from civil liability for voluntary, good faith actions to restrict or block offensive content.

structures its website through a series of small, searchable communities called "subreddits," *i.e.*, forums or boards devoted to specific topics, ER-44–46 (*Id.* ¶¶38, 42–43). The subreddits are housed in "interest groups," which makes it easy to locate similar subreddits. ER-53 (*Id.* ¶70).

### B. Reddit's Lucrative Underage Sex Trafficking Business

#### 1. Reddit's subreddit-driven platform makes it easy for users to upload, share, view, download, and solicit child pornography.

Posting content, including child pornography, on Reddit is simple. It takes less than a minute to upload a video or image to Reddit's site, a process that begins and ends with a person clicking "post." ER-47–48 (*Id.* ¶¶49–51). The same is true of posting sexually explicit content. *Id.* Indeed, someone posting sexually explicit content on Reddit does not even have to demonstrate that the subjects are consenting adults before uploading. *Id.*; *see* ER-36, ER-64 (*Id.* ¶¶5, 100).

Reddit knows that some of the most popular Reddit subreddits are the hundreds that specifically post, share, and solicit child pornography, such as /r/BestofYoungNSFW, /r/xsmallgirls, /r/teensdirtie, and /r/TeenBeauties. ER-48–50, ER-55, ER-59–63, ER-72–76 (*Id.* ¶¶53–60, 74, 90–95, 127–142). Indeed, the titles and comments on these, and many other, Reddit pages confirm that the subjects are children. For example, users write "amateur teens" and "u18" to refer to subjects that are under 18. ER-63–66 (*Id.* ¶¶97–105). Others explicitly state that the content

is "[l]egally speaking . . . child porn," such as a post on the subreddit /r/PetiteNSFW that links to video content of a girl that users commented was "proven before to have been underage when this was filmed."  ER-64 (¶99).  In addition, beyond titles and comments, Reddit's powerful search tools specifically enable use of the coded phrases to easily locate child pornography.  ER-46, ER-61–63, ER-69 (*Id*. ¶¶43, 95, 115).

In these targeted subreddits, users publicly solicit pornographic pictures and videos of children and utilize Reddit's direct message feature to send information about additional child pornography and payment.  ER-57–65, ER-77 (*Id*. ¶¶83–92, 96, 104, 147).  Many forums on Reddit contain express offers to "trade" child pornography, including: /r/DiscordNudes, /r/JerkOffToMySis, and /r/dirtykikpals.  ER-57–59 (*Id*. ¶¶83–88).  Other forums encourage users to watch the posted child pornography and perform "tributes" (*i.e.*, masturbation videos); numerous subreddits are explicitly dedicated to that type of exchange.  ER-59–61, ER-77 (*Id*. ¶¶90–94, 147).  By design, Reddit users are allowed to post using pseudonym "usernames," making it easy for them to be shielded by anonymity and to create throw-away accounts for posting child pornography.  ER-63, ER-68, ER-78, ER-81–83, ER-89 (*Id*. ¶¶96–97, 114, 151, 168, 171–172, 198–199).

Over the years, advocacy groups and the press have repeatedly alerted Reddit to this kind of disturbing, illegal content on its website.  ER-35–36, ER-49–50, ER-

68, ER-74–76 (*Id.* ¶¶4, 57–60, 115, 133–142). Yet Reddit refuses to implement basic security measures to stop these users from uploading child pornography in the first instance, such as age verification, IP and email address tracking to ban repeat offenders, and using available technology that can detect and prevent posts containing child pornography. ER-36, ER-47–48, ER-68, ER-70–71 (*Id.* ¶¶5, 50–51, 113–114, 121–123).

### 2. Reddit generates massive income from advertising and fees tied to users seeking child pornography.

Reddit generates revenue through ad-free premium memberships, and over $100 million in annual advertising dollars driven by its 1.34 trillion monthly visitors. ER-47, ER-51–53 (*Id.* ¶¶48, 62–68). "Reddit Ads" promises advertisers that it will "connect your brand to our 52 million daily active users" by finding subreddits to "display your ad to the right audience based on a user's browsing behavior on Reddit." ER-53–54 (*Id.* ¶¶69–72); *see* ER-52 (¶67). Tools like RedditList and FrontPageMetrics also identify subreddits likely to generate views. ER-54 (*Id.* ¶73). The forums that feature child pornography are some of the most popular—and hence profitable—and Reddit advertises on them, including at least one of the subreddits where Plaintiffs' underage pornographic images were featured. ER-50, ER-55, ER-96–99 (*Id.* ¶¶60, 74, 230–236). By turning a blind eye to subreddits obviously geared to child pornography and by failing to direct its moderators to limit such

illegal content, Reddit enhances its number one goal: profit. ER-42, ER-48, ER-51–52, ER-55–56 (*Id*. ¶¶33, 53, 64, 75, 82).

The more views Reddit gets, the more it can attract advertisers and generate revenue. ER-55–56 (*Id.* ¶75, 80). Reddit refuses to take down content, including content that violates its "no child pornography policy," because it benefits financially from the user traffic these posts drive to the site, and because it receives advertising revenue by maintaining controversial yet popular content on its child pornography subreddits. ER-48, ER-55–56 (*Id.* ¶¶53, 75, 80, 82).

### 3. Reddit's moderators and administrators knowingly encourage the posting of child pornography and fail to remove such content and the users who post it.

Reddit crowd-sources the monitoring of its pornographic subreddits using untrained, minimally supervised volunteer "moderators"—who could themselves be the users who created the pornographic subreddits. ER-46, ER-49–50, ER-55, ER-66–67, ER-74 (*Id.* ¶¶44, 58, 78, 106, 110, 132, 135). These moderators determine the content allowed on subreddits. *Id*. For example, Plaintiffs allege that Reddit moderators are believed to be the same individual(s) who coerced sexually explicit images from known minors and then distributed the child pornography on Reddit. ER-67, ER-81, ER-86 (*Id.* ¶¶110, 165, 187). Reddit's "monitors" thus can be—and are believed to be—the traffickers themselves.

By encouraging illegal content on its site, Reddit receives substantial advertising revenues, which is why it encourages moderators to leave as much content on the site as possible.  ER-42 (*Id.* ¶33).  This popular content, including child pornography, drives user traffic and increases Reddit's attractiveness to advertisers.  ER-48, ER-55 (*Id.* ¶¶53, 75).

Encouraged by Reddit, Reddit administrators (employees) and volunteer moderators (agents) resist deleting content that would dissuade subreddit users, and fail to enforce standards that are ostensibly designed to protect Reddit users and others.  ER-42, ER-56, ER-66–67 (*Id.* ¶¶33, 82, 106, 110).  A handful of Reddit employees oversee these moderators and are also supposed to remove content that violates Reddit's Content Policy.  ER-46, ER-55 (*Id.* ¶¶44, 78).  But such monitoring fails, as numerous reports show moderators and administrators expressly ignoring child pornography complaints.  ER-48–49, ER-66–67, ER-73–74 (*Id.* ¶¶53–54, 108, 129–132).  Further, reporting a moderator is essentially useless—a Reddit administrator admitted that no action is taken on "more than 99%" of reports of moderator misconduct.  ER-66 (*Id.* ¶107).  Reddit also makes it hard to report child pornography.  ER-56, ER-66–67, ER-87 (*Id.* ¶¶82, 107–108, 190–191).  Even when victims of child pornography have successfully reported illegal, underage content to Reddit and convinced administrators to remove it, the administrators routinely deny subsequent requests to remove the exact same content when it is reposted again and

14

again.  ER-79–80, ER-84–87, ER-91–95 (*Id.* ¶¶159–162, 178–181, 189–191, 205–209, 216–220, 226–228).  Finally, Reddit misleads victims of child pornography by allowing such content to remain on its site even after users have reported it, and indeed, even after Reddit has claimed to have taken action to remove it.  ER-48–49, ER-64, ER-68, ER-80–87 (*Id.* ¶¶53–57, 100, 112, 160–161, 166–167, 180, 184, 189).

### 4. Reddit refuses to enforce its own policy against child pornography.

Reddit claims to "prohibit[] any sexual or suggestive content involving minors or someone who appears to be a minor."  ER-56 (*Id.* ¶82).  But Reddit does ***not*** commit to immediately remove such content and only provides an ability to "report" it.  *Id.*  The reporting tool is basic and merely allows a user to link a post and check a box that says it is "sexual or suggestive content involving minors."  *Id.*  Because Reddit's business model profits from images featuring underage victims by attracting users and advertising dollars, Reddit rarely even removes such identified illegal content.  *Id.*

Perhaps most astonishingly, Reddit has the ability to track child pornography on its site, obtain user data (including IP and email addresses), and ban users who repeatedly post child pornography, but ***Reddit deliberately elects not to do so***.  ER-68 (*Id.* ¶¶113–114).  Likewise, not until 2019—the tail end of the damages period in this case—did Reddit claim to use the automated image recognition technologies

15

"PhotoDNA" and "YouTube CSAI" to monitor child pornography, even though PhotoDNA has been available since 2014. ER-70–71 (*Id*. ¶¶121–122). Moreover, even after its purported implementation, Reddit's use of this technology has been sporadic at best; victims report their images, see them deleted, and yet then find that same content reposted on Reddit's site over and over again. ER-71 (*Id*. ¶123); *see* ER-77–99 (*Id*. ¶¶148–233) (documenting named Plaintiffs' experiences repeatedly reporting child pornography to Reddit only to have it reappear). For example, Reddit administrators (its own employees) refused to take down Plaintiffs' (or their daughters') images after being notified the content was illegal child pornography, and Reddit responded that the content did not violate its policies. ER-79–85, ER-91–99 (FAC ¶¶159–160, 162, 178–179, 181, 205–207, 216–218, 226, 233).

## C. The Sex Trafficking Of Plaintiff Jane Doe And The Minor Daughters Of Other Doe Plaintiffs

Jane Doe No. 1 was a minor when her now ex-boyfriend created multiple videos of the two of them engaging in sexual intercourse, sometimes without her knowledge. ER-76 (*Id*. ¶143). Her ex-boyfriend then posted one of these illegal pornographic videos on Reddit, alongside misogynistic and racist remarks, and encouraged other Reddit users to view and masturbate to the video. ER-77 (*Id*. ¶¶145–147). Jane Doe No. 1 reported this content to Reddit as soon as she discovered it, making clear that she was the person in the video, was underage, and had never consented to it being uploaded. *Id*. ¶148. Each time she reported, Reddit

took days to remove the content, but then allowed it to be reposted. *Id*. ¶149. Once Jane Doe 1 eventually succeeded in having her abuser's Reddit account banned, Reddit permitted him to make a new one. ER-78 (*Id*. ¶151). Jane Doe 1 continues to monitor over 36 sub-Reddit forums (that she knows of) devoted to underage child pornography in an effort to ensure that the illegal images of her are not posted again. *Id.* ¶152.

Jane and John Does Nos. 2–6 are the parents of minors who were coerced by one or more individuals into providing sexually explicit images. *See, e.g.*, ER-67, ER-79, ER-81, ER-84–95 (*Id*. ¶¶110, 156–157, 165, 167, 175–176, 186–189, 203, 213–214, 224–225). The same individual(s) are believed to be Reddit moderators who then posted the child pornography on Reddit. *Id.* The minors' parents repeatedly requested that Reddit remove the images, but even after the images were eventually removed, they promptly and repeatedly reappeared on Reddit's site. *Id.*; *see id.* ER-82–83, ER-88–99 (*Id*. ¶¶169–170, 195–199, 208–209, 219–220, 227–228228, 233). Even when the National Center for Missing and Exploited Children ("NCMEC") has stepped in to help persuade Reddit to remove the illegal content, *id.*, the cycle has repeated itself—each time, Reddit has permitted this content to be posted again. *See* ER-77–99 (*Id*. ¶¶148–233).

Plaintiffs now spend hours looking through disturbing subreddits to locate posts of the pornographic images of their children and to then fight with Reddit to

have them removed. ER-78, ER-81–91 (*Id.* ¶¶152–53, 168–169, 185, 194–196, 205–206). Plaintiffs have documented the incessant, repeated posting of sexually explicit content featuring themselves or their minor children on more than 75 different sub-reddit pages. ER-78, ER-82–89, ER-96–98 (*Id.* ¶¶152–153, 169, 195–196, 231). That number only includes the pages they have found on their own and reported to Reddit.

Each Plaintiff alleges devastating injuries caused by Reddit's knowing participation in this repeated trafficking, including anxiety, humiliation, distress, sleeplessness, academic failure, and suicidal thoughts. ER-78, ER-83–84, ER-89–95 (*Id.* ¶¶154, 173, 200, 210, 221, 229). In the case of Jane Doe No. 1, she was forced to withdraw from school and seek therapy. ER-78 (*Id.* ¶154). Likewise, Jane and John Doe No. 5 were forced to withdraw their daughter from school due to failing academic performance stemming from her ongoing trauma due to her victimization via child sex trafficking, for which she is in active treatment. ER-93–94 (*Id.* ¶221).

## III. <u>PROCEDURAL HISTORY</u>

Plaintiff Jane Doe No. 1 filed the present action in April 2021, ER-113, and the other Plaintiff Jane and John Does (parents of minor daughters) joined the lawsuit in an amended complaint ("Amended Complaint" or "FAC") filed in July 2021. ER-34–110. The Amended Complaint alleged Reddit is liable for damages

18

under 18 U.S.C. §1595 as a "perpetrator" or someone who "knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. §1595. ER-102–103 (FAC ¶¶248–258). Plaintiffs also alleged that Reddit violated various other federal and state laws, but they do not appeal the District Court's resolution of those claims. *See* ER-103–108.

Defendant moved to stay discovery and to dismiss the Amended Complaint. ER-114–116. On July 12, 2021, the Court granted Defendant's motion to stay. ER-22–33. On October 7, 2021, the District Court granted the motion to dismiss. ER-7–21. The District Court held that under FOSTA, a TVPRA §1595(a) civil claim against a website like Reddit can only proceed if a plaintiff pleads that the website itself (1) violated the criminal statute 18 U.S.C. §1591, and (2) acted with the criminal *mens rea* standard of "knowledge" of that criminal statute. ER-17–18. It then held that Plaintiffs had failed to meet its stringent pleading standard. ER-18–20. Subsequently, the District Court entered an order dismissing all of Plaintiffs' claims with prejudice. ER-6. This appeal followed. ER-3–5.

## SUMMARY OF THE ARGUMENT

Section 230 has "[n]o effect on sex trafficking law": it shall not be "construed to impair or limit" any §1595 civil damages claim "if the conduct underlying the claim constitutes a violation of section 1591." §230(e)(5)(A).

The District Court read an additional word into that statute, holding that under §230(e)(5)(A), a civil §1595 claim against an ICS provider like Reddit can only succeed if the ***defendant's*** conduct constitutes a violation of the criminal statute §1591. ER-17–18. However, as the Eleventh Circuit and numerous district courts in this Circuit have held, and as the TVPRA expressly provides, §1595 authorizes sex trafficking victims to bring civil damages claims against their perpetrators (a "direct" claim) or "whoever knowingly benefits" from a perpetrator's actions (a "beneficiary" liability claim). §1595(a); *see Red Roof Inns*, 21 F.4th at 723–25; *Doe v. Mindgeek USA Inc.*, No. 8:21-cv-00338-CJC-ADS, --- F. Supp. 3d ---, 2021 WL 4167054, at *4 (C.D. Cal. Sept. 3, 2021) ("*Mindgeek I*") (denying website's motion to dismiss), *mot. for recons. denied*, --- F. Supp. 3d ---, 2021 WL 5990195 (C.D. Cal. Dec. 2, 2021) ("*Mindgeek II*").

By contrast here, the District Court rewrote §230(e)(5)(A) to effectively eliminate §1595 beneficiary liability claims against websites. But that is the opposite of what the statute was intended to do and what it clearly states. There is no evidence in the text, structure, or purpose of FOSTA suggesting that Congress intended to make ***fewer*** remedies available to sex trafficking victims suing websites as opposed to other types of defendants. Indeed, the amendment broadened, not restricted, liability against websites.

The District Court's interpretive error was twofold. *First*, it erred in rewriting the statute to hold that a plaintiff must allege that the website itself violated §1591. If Congress had wanted to limit §1595 claims against websites to such a narrow circumstance, it would have done so. But that is not the statute it enacted. *Second*, the District Court compounded its error in holding that a plaintiff must allege that the website had the criminal *mens rea* of ***actual knowledge*** of the trafficking, rather than constructive knowledge ("knew or should have known"), because §1595 itself permits liability against beneficiary defendants. *See Red Roof Inns*, 21 F.4th at 724 (in context of non-website defendant, holding that "transposing" §1591's criminal knowledge requirement would create a "nonsense sentence" in §1595(a) and render its constructive knowledge standard "superfluous"). These interpretations contradict not only the plain language of the statute but also its structure, context, and purpose. These tools support a single conclusion: in enacting §230(e)(5)(A) in 2018—to "allow" "victims to fight online sex trafficking"—Congress intended to, and did, ensure sex trafficking victims' civil recourse against websites like Reddit that benefit from such trafficking.

Under the District Court's erroneous interpretation, "a sex trafficking victim who seeks to impose civil liability on an ICS provider on the basis of beneficiary liability faces a higher burden than a victim of sex trafficking who seeks to impose such liability on other types of defendants." *Doe v. Twitter, Inc.*, No. 21-cv-00485-

21

JCS, --- F. Supp. 3d ---, 2021 WL 3675207, at *24 (N.D. Cal. Aug. 19, 2021). But the "more straightforward reading does not limit FOSTA's exemption to a narrow subset of civil sex trafficking claims" and instead "makes available to victims of sex trafficking the same civil remedies against an ICS provider" that victims have against any non-website defendant. *Id.* As another district court has further noted, "[i]f Congress intended to limit a remedial statute to such narrow and limited circumstances, it could have made that plain. But Congress took no such action." *Mindgeek II*, 2021 WL 5990195, at *8. These district courts got it right. This Court should accordingly confirm that §1595's civil remedy to victims of sex trafficking is equally available against websites just as it is for other types of defendants. *See Red Roof Inns*, 21 F.4th at 724–25 (confirming that the interpretation of §1595's beneficiary provision advanced by plaintiffs here applies in the context of a non-website defendant).

Under the correct statutory interpretation, Plaintiffs clearly plead a viable §1595 beneficiary claim against Reddit. The District Court did not address Plaintiffs' allegations that Reddit "knowingly benefits" from the child pornography hosted on its website, including through driving user traffic and collecting advertising revenue. The District Court did not disagree (nor could it, on a motion to dismiss) with Plaintiffs' extensive allegations that Reddit "knew or should have known" of the trafficking of the minors here; in particular, that Reddit is a safe haven

for sex traffickers and child pornography, and that Plaintiffs, other victims, Reddit users, news media, and advocacy groups have repeatedly notified Reddit of specific examples of child pornography that are continuously posted and reposted on its site.

Instead, the District Court dismissed the Amended Complaint based on the erroneous legal premise that Plaintiffs had to meet the criminal "actual knowledge" standard of §1591 (rather than constructive knowledge under §1595) and thus had to allege a direct "monetary" business relationship between Reddit and the sex traffickers themselves. ER-18–19. That is not the standard. Participation in a venture only requires allegations of "an ongoing pattern of conduct amounting to a tacit agreement with the perpetrators." *Twitter*, 2021 WL 3675207, at *26.

The Amended Complaint alleges Reddit's ongoing pattern of conduct amounting to a tacit agreement that facilitates trafficking and that it had—at a minimum—constructive knowledge that the venture was engaged in trafficking. Among other things, it alleges that Reddit enables the proliferation of sex trafficking by refusing to take action despite its awareness that its site hosts large amounts of child porn; by failing to implement even basic and readily available security measures to prevent and detect this content; by failing to adequately train or supervise moderators (who may themselves be the traffickers); by providing search tools enabling users to share and locate child pornography; by making it difficult to report child pornography; and by refusing to remove content featuring Plaintiffs and

23

their minor daughters even after being notified of the illegal pornographic content (or by claiming to remove it while leaving it up). Reddit does so all in the name of profit.

Finally, even if the District Court's interpretation of the statute was correct, Plaintiffs' Amended Complaint still states a claim against Reddit. Plaintiffs allege that Reddit violated §1591 because it knew of their and other minor victims' sex trafficking—not least because Plaintiffs and other third parties notified Reddit of specific instances of known child pornography on its site. Plaintiffs also allege that Reddit engaged in multiple overt acts, including, but not limited to: Reddit placing advertisements on subreddits that have featured and/or promoted Plaintiffs' pornographic content; misleading victims of child pornography, including Plaintiffs, about whether their images will be removed from its websites; and apparently allowing users who traffic child pornography to serve as moderators.

For these reasons, the District Court's ruling should be reversed.

## **STANDARD OF REVIEW**

The dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed *de novo*. *See Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1151 (9th Cir. 2019). In reviewing the dismissal of a complaint, this Court accepts "all factual allegations in the complaint as true and construe[s] the pleadings in the light

most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009) (internal quotation marks omitted).

## ARGUMENT

**I.** **FOSTA ABROGATES SECTION 230 IMMUNITY FOR ALL CIVIL SEX TRAFFICKING CLAIMS UNDER SECTION 1595 OF THE TVPRA**

### A. The District Court Erred In Holding That FOSTA Only Abrogates Section 230 Immunity For Section 1595 Claims Against The "Perpetrator" Of A Criminal Violation.

The District Court held that in order to avoid §230 immunity for a §1595 claim against a website, a plaintiff must allege that the website's conduct itself violates §1591. ER-17–18. This ruling misinterprets the statute. The plain language of §230(e)(5)(A), the context in which it is used, and the broader purpose of FOSTA all confirm that Congress meant instead what it said: §230 has "[n]o effect on sex trafficking law" and shall not "be construed to impair or limit" §1595 claims based on violations of §1591. §230(e)(5)(A). Those claims include beneficiary liability claims in which a third-party like Reddit benefits from a trafficker's conduct. The District Court's holding effectively erases the beneficiary provision from §1595.

"In interpreting a federal statute, the Court must first determine whether the language is clear and unambiguous, and if so, apply it as written." *Thrifty Oil Co. v. Bank of Am. Nat. Trust & Sav. Ass'n*, 322 F.3d 1039, 1057 (9th Cir. 2003) (citing *Conn. Nat. Bank. v. Germain*, 503 U.S. 249, 253–54 (1992)). The Court considers "not only the bare meaning of the critical word or phrase but also its placement and

purpose in the statutory scheme." *Id.* (quoting *Holloway v. United States*, 526 U.S. 1, 6 (1999)).

### 1. Plain Text

The statutory language does not support the District Court's interpretation that a plaintiff must allege that the website's conduct itself violates §1591 to avoid §230 immunity. ER-17–18.

Section 230(e)(5)(A) provides that "any claim in a civil action brought under section 1595 of Title 18" is not subject to immunity, provided that "the conduct underlying the claim constitutes a violation of section 1591 of that title." In turn, §1595(a) permits victims of "a violation of this chapter" (*i.e.*, Chapter 77 of Title 18 of the U.S. Code) to bring suit against either "the perpetrator" of their trafficking, ***or*** "whoever" knowingly benefits from "participation in a venture" that it "knew or should have known" engaged in the trafficking violation.

Section §1595 provides civil remedies to a variety of trafficking victims, including victims of sex trafficking under §1591; only §1591 victims may avoid §230 to hold websites liable under §1595. That is because Congress decided that when, as here, the "conduct underlying the claim," §230(e)(5)(A), is sex trafficking under §1591 (rather than some other violation of Chapter 77), a plaintiff's pursuit of civil damages from a website under §1595 is not subject to §230 immunity. *See Twitter*, 2021 WL 3675207, at *24 ("[T]he more natural reading of the second phrase

26

of [§]230(e)(5)(A) is simply that it creates an exemption to [§]230 immunity for civil sex trafficking claims under [§]1591 and *not* as to other sections of Title 18 that can give rise to civil liability under [§]1595.") (emphasis in original); *Mindgeek II*, 2021 WL 5990195, at *8 (same). Put another way, the victim must be sexually trafficked by ***someone*** under §1591 to sue, but if she is, then she can seek civil damages from the perpetrator (a direct claim) ***or*** from someone with constructive knowledge of that victims' trafficking (a beneficiary claim) who knowingly benefits from the venture.

Section 230(e)(5)(A) requires only that the "conduct underlying the [§1595] claim" constitutes a violation of §1591. Congress's use of this "claim" language makes good sense. Depending on the target defendant of a plaintiff's §1595 claim, the conduct "underlying the claim" is either (a) the defendant's conduct, in the case of a direct claim against a perpetrator, or (b) the trafficker's conduct, in the case of a beneficiary claim against a third-party who benefits from the underlying trafficking conduct. The "claim" language in §230(e)(5)(A) captures both types of §1595 defendants.

The District Court, by contrast, held the FOSTA exception to §230 inapplicable unless Reddit itself violated §1591, a criminal statute, by writing the word "defendant" into the statute. The District Court simply declared that it is more "logical" to "read the statute as requiring the conduct underlying the claim against the defendant to be the same as the claim in the civil action brought under section

1595." ER-18. In so doing, the District Court drastically curbed FOSTA's ability to address the proliferation of online sex trafficking by rewriting the statutory exception to §230 immunity to read "if the ***defendant's*** conduct underlying the claim amounts to a violation of section 1591." ER-17 (internal quotation marks omitted). That is not the statute Congress enacted.

If Congress had intended to limit websites' §1595 liability for claims based on §1591 violations, "it could have clearly stated as much, but it did not do so." *Twitter*, 2021 WL 3675207, at *24. For example, it could have amended §1595, or stated in §230 that there is no immunity where the defendant is a "perpetrator" of a §1591 sex trafficking violation or where the defendant "violated §1591." Or it could have enacted the District Court's version—where "the ***defendant's*** conduct" constitutes a violation of §1591. But Congress did none of those things. The language it chose was not intended to, and does not, limit civil liability to criminal perpetrators.

To reach its conclusion, the District Court simply adopted the reasoning of other district courts. In each case, those courts wrote in the "defendant" language in order to create complete §230 immunity for websites that benefit from others' trafficking. ER-17 ("The Court agrees with other courts that found that 'the most persuasive reading of section 230(e)(5)(A) is that it provides an exemption from immunity for a section 1595 claim if, but only if, the ***defendant's*** conduct amounts

28

to a violation of section 1591.'") (emphasis added) (quoting *J.B. v. G6 Hosp., LLC* ("*J.B. II*"), No. 19-cv-07848-HSG, 2021 WL 4079207, at *12 (N.D. Cal. Sept. 8, 2021); and citing *Doe v. Kik Interactive*, 482 F. Supp. 3d 1242, 1251 (S.D. Fla. 2020) and *M.L. v. craigslist Inc.*, No. C19-6153, 2020 WL 5494903, at *4 (W.D. Wash. Sept. 11, 2020)).[3]

The District Court's conclusion glosses over the contrary holdings of the other district courts in this Circuit, which interpret §230(e)(5)(A) and §1595 in precisely the manner Plaintiffs advance. *See Twitter*, 2021 WL 3675207, at *20–25; *Mindgeek I*, 2021 WL 4167054, at *4–5, *Mindgeek II*, 2021 WL 5990195, at *7–9. The District Court's holding further disregards the well-establish maxim that courts should "resist reading words or elements into a statute that do not appear on its face." *United Cook Inlet Drift Ass'n v. Nat'l Marine Fisheries Serv.*, 837 F.3d 1055, 1062 (9th Cir. 2016) (quotation marks omitted). Its holding is not only atextual, but would also "impair or limit" the enforcement of §1595's civil remedy—the exact opposite of what FOSTA directs. *See* §230(e)(5) (titled "[n]o effect on sex trafficking law").

---

[3] In *M.L.*, the district court denied a website's motion to dismiss a §1595 claim where plaintiff pled "sufficient facts in regard to craigslist's development or creation of the advertisements which trafficked Plaintiff." 2020 WL 5494903, at *4.

### 2. Context

When enacting §230(e)(5)(A), Congress demonstrated that it knew how to limit sex trafficking claims to only perpetrators of §1591 violations. Congress did so in elsewhere in FOSTA—but not in §230(e)(5)(A).

Congress simultaneously adopted §230(e)(5) and §1595(d); the latter authorizes state attorneys general to bring *parens patriae* civil actions against "***any person who violates section 1591***." Pub. L. No. 115-164 §§4, 6, 132 Stat. 1253. Section 1595(d) demonstrates that Congress knew how to provide the limitation that the District Court read into §1595(a). *Cf. Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020) (courts "generally presume[] that when Congress includes particular language in one section of a statute but omits it in another, Congress intended a difference in meaning") (quotation marks omitted). Unlike in a *parens patriae* action, which must be brought against the "***person***" who violates §1591, §230(e)(5)(A) provides an exception to immunity where the "***conduct*** underlying the ***claim***" (*i.e.*, including the conduct of the trafficker underlying the §1595 beneficiary claim) "constitutes a violation of section 1591."

Where Congress intends for an exception to apply only where the ***defendant itself*** has violated the criminal statute, it knows how to specify just that. Congress's use of the far more expansive term "claim" in §230(e)(5)(A) demonstrates that ***this***

exception is not limited to a defendant whose conduct violates §1591, as long as the "conduct" underlying "the claim"—including the perpetrator's conduct—does.

### 3. Purpose

Congress also did not intend to limit §1595 claims to those who violate §1591. FOSTA is a remedial statute: Congress clarified that it intended to permit sex trafficking victims to bring civil claims against websites—entities that generally enjoy §230 immunity. *See Twitter*, 2021 WL 3675207, at *24 ("There is no question that FOSTA is a remedial statute in that it carves out exceptions to CDA §230 immunity, thereby affording remedies to victims of sex trafficking that otherwise would not have been available."). Section 230 was first enacted as part of Title V of the Telecommunications Act of 1996 in the early days of the Internet. *See* Pub. L. No. 104-104, 110 Stat. 56 (Feb. 8, 1996). In the decades since §230's passage, the rise of the internet and e-commerce has helped facilitate the rapid growth of the market for sex trafficking, including online child pornography. ER-27–28 (FAC ¶¶23–26). Yet courts had, prior to FOSTA, interpreted §230 to completely immunize websites from liability for their role in encouraging and facilitating the sex trafficking of minors. *See, e.g.*, *Jane Doe No. 1 et al. v. BackPage.com, LLC*, 817 F.3d 12 (1st Cir. 2016). Congress enacted FOSTA to reverse these holdings and thereby "[e]nsur[e] ability to enforce federal and state criminal and civil law relating to sex trafficking," Pub. L. No. 115-164 §4, 132 Stat. 1253. Congress did so by

31

providing that "[n]othing in this section" "shall be construed to impair or limit" the enumerated excepted claims. §230(e)(5).

Plaintiffs' interpretation of §230(e)(5)(A) is the only reading consistent with FOSTA's remedial purpose. As the court explained in *Mindgeek II*, "[t]o hold otherwise . . . would effectively write Section 1595 out of existence for websites, which Congress cannot have intended to do when passing a statute designed to provide victims of sex trafficking with their day in court" against those websites." *Mindgeek II*, 2021 WL 5990195, at *9. Because §230 was "never intended to provide legal protection to websites that unlawfully . . . facilitate traffickers," and, websites, purportedly shielded by §230, had been "reckless in allowing the sale of sex trafficking victims and have done nothing to prevent the trafficking of children," Congress "clarif[ied]" §230 "to ensure that such section does not provide such protection to such websites." Pub. L. No. 115-164 §2, 132 Stat. 1253. "It is a 'familiar canon of statutory construction that remedial legislation should be construed broadly to effectuate its purposes.'" *Wadler v. Bio Rad Labs., Inc.*, 916 F.3d 1176, 1187 (9th Cir. 2019) (quoting *Tcherepnin v. Knight*, 389 U.S. 332, 336 (1967)); *Peyton v. Rowe*, 391 U.S. 54, 65 (1968) ("remedial" statutes must be "liberally construed").

By contrast, the District Court adopted the ***most restrictive*** possible reading of the statute to provide the fewest remedies to sex trafficking victims who seek to

hold websites accountable.[4]  *See Twitter*, 2021 WL 3675207, at *24 ("the broader statutory framework suggests" rejecting adoption of "the most restrictive possible reading of that provision when there is an equally (or more) plausible reading of the plain language of FOSTA"); *see also J.B. II*, 2021 WL 4079207, at *7 (recognizing that the most restrictive reading is "arguably [in] some tension" with the plain language of §1595.  Even if §230(e)(5) could plausibly be read in the narrow way that the District Court construed it, FOSTA's remedial nature requires the broader interpretation.  *See Twitter*, 2021 WL 3675207, at *24.

In adopting its restrictive reading, the District Court suggested that §230(e)(5) must be interpreted with the understanding that "section 230 as a whole is designed to provide immunity to [ICS] providers."  ER-18.  This was far too wide a lens.  The District Court did not consider the significance of the FOSTA ***exception*** to §230 immunity: to ensure sex trafficking victims' ability to sue responsible actors under §1595(a).  *See Twitter*, 2021 WL 3675207, at * 24–25 (considering "the language of FOSTA as it fits with the broader statutory framework of the TVPRA" and "the broad language used in the first clause of FOSTA as well as the remedial purpose of FOSTA").

---

[4] While the District Court suggested in passing that FOSTA's remedial purpose could not overcome the plain language, the remedial purpose supports, rather than replaces, the plain language.  ER-18.

**B.     FOSTA's Legislative History Confirms Plaintiffs' Plain Language Reading.**

Because §230(e)(5)(A)'s plain language, context, and purpose uniformly support Plaintiffs' interpretation of the statute, the Court need not even consider the legislative history of FOSTA.  *See U.S. v. Thomsen*, 830 F.3d 1049, 1058 (9th Cir. 2016) ("Generally, we may turn to legislative history only when a statute is susceptible to two or more meanings . . . .") (internal quotation marks omitted).  But even if it does, the legislative history supports Plaintiffs' reading.[5]

Ample legislative history demonstrates that Congress did exactly what it set out to do: to ***abrogate*** websites' immunity from sex trafficking claims in light of the rampant proliferation of sex-trafficking on the Internet.  *See, e.g.*, H.R. Rep. No. 115-572, at 3 ("The use of [classified ad] websites has grown exponentially as Internet use increases.  Unfortunately these websites . . . have also become one of the primary channels of sex trafficking.  This is in part due to technological advances on the Internet that make information easily accessible and provide a forum for anonymity, which allows traffickers to post advertisements of minors for a world of

---

[5] At worst, the legislative history contains "numerous statements . . . often seeming to support conflicting conclusions, highlighting the risks of relying on statements made prior to passage of a bill to interpret the statute that was actually enacted." *Twitter*, 2021 WL 3675207, at *25.  For that reason, the district courts that disagree on the interpretation of §230(e)(5)(A) nonetheless agree that "this issue is better resolved on the basis of the language of FOSTA as it fits with the broader statutory framework of the TVPRA."  *Id.*; *see J.B. II*, 2021 WL 4079207, at *7 (acknowledging limitations of legislative history).

customers to see with ease and security."); Stmt. of Sen. Portman, S1745 (Mar. 15, 2018) (explaining that the original CDA "was also focused, in part, on keeping indecent material—pornography—from going to children . . . now it is being used to shield these traffickers" such that amendment was needed because "Congress did not intend that broad immunity"); Stmt. of Rep. Jackson-Lee, H1291 (Feb. 27, 2018) (explaining that one purpose of the act was to allow victims to hold accountable "online ad services and websites that facilitate or allow sex trafficking"). Even if *something* in the legislative history could be viewed as supporting the District Court's interpretation, it is not enough to overcome the plain-language reading of §230(e)(5). *See Thomsen*, 830 F.3d at 1058 (a statute's plain language can be overcome only with evidence of "convincing contrary legislative history") (quotations omitted).

In contrast, nothing in the legislative history clearly supports the District Court's restrictive reading of FOSTA, and any such interpretation would contradict both the text of the statute and its structure and purpose. Relying solely on *J.B. II*, the District Court held in passing that the legislative history "comports with" its statutory interpretation and demonstrates that Congress intended only the narrowest of carve-outs from §230. ER-18 (quoting *J.B. II*, 2021 WL 4079207, at *7–11). But *J.B. II* itself proves why courts should not rely on post-hoc interpretations of ambiguous legislative history. For example, the court cited a committee report

explaining that the amendment "would eliminate section 230 as a defense for websites that knowingly facilitate sex trafficking. It would also empower State law enforcement to enforce criminal statutes against websites, and introduce new civil liabilities for violations of Federal criminal laws relating to sex trafficking" and concluded "[t]he latter statement strongly suggests that the federal carve-out for section 1595 claims as framed in SESTA as amended covers only defendants whose own conduct violates section 1591." *J.B. II*, 2021 WL 4079207, at *9 (quoting H.R. Rep. No. 115-199, at 2 (July 6, 2017)). That ambiguous statement, however, says nothing about the precise scope of the "new civil liabilities" and does not by any stretch mean the "new civil liabilities" against defendants must be for the civil defendant's own "violations of federal criminal laws relating to sex trafficking."

In sum, the legislative history does not support the District Court's conclusion that Congress meant to offer sex trafficking victims an illusory path to pursue §1595 claims against websites. *See Mindgeek II*, 2021 WL 5990195, at *9 ("To hold otherwise . . . would effectively write Section 1595 out of existence for websites, which Congress cannot have intended to do when passing a statute designed to provide victims of sex trafficking with their day in court."). While there is no need for the Court to consider this history, if anything, it supports Plaintiffs' interpretation.

## II.   THE DISTRICT COURT VOIDED SECTION 1595'S CONSTRUCTIVE KNOWLEDGE STANDARD BY REQUIRING PLAINTIFFS TO SATISFY A CRIMINAL *MENS REA* STANDARD.

The District Court compounded its error by holding that because a plaintiff bringing a §1595 beneficiary liability claim against a website must plead that the website itself violated §1591, §1591's criminal *mens rea* standard applies to those claims, even though the constructive knowledge standard is actually written into §1595.  ER-17–18.  Section 1595 imposes civil liability on "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person ***knew or should have known*** has engaged in an act in violation of this chapter."  §1595(a).  This language imposes a ***constructive knowledge*** standard on third-party beneficiaries, rather than "the perpetrator," of "an act in violation of this chapter."  *See Williams v. Paramo*, 775 F.3d 1182, 1188 (9th Cir. 2015) ("[W]e assume that Congress means what it says in a statute.").  As explained *supra* Section 1.A.1–.2, "nothing within the statute's text and structure [ ] suggest anything other than the plainest interpretation of the provision, which is as long as the conduct underlying Plaintiff's Section 1595 claim amounts to a violation of Section 1591, then she may bring the claim alleging the lesser constructive knowledge standard." *Mindgeek II*, 2021 WL 5990195, at *9.

Discarding the constructive knowledge language ("knew or should have known") in §1595, the District Court concluded that in a §1595 case against a

website, §1591's definition of "participation in a venture"—which requires a criminal *mens rea* standard of **actual knowledge**—instead applies. The District Court misconstrued §1595's "participation in a venture" element by transposing the §1591 (criminal) definition of "participation in a venture" onto §1595.[6] ER-17–18 ("[T]he Court will apply the 'knowingly' standard from section 1591 instead of the more lenient *mens rea* standard under section 1595 of 'known or should have known.'").

Section 1591(a)(2), the criminal provision of the TVPRA, provides that whoever "knowingly" "benefits financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1), knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . . ." §1591(a)(2). In turn, §1591(e)(4) defines "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation" of §1591(a)(1). §1591(e)(4). But §1591(e) defines the phrase for only "this section," and "this section" is §1591, **not** §1595. *Id.* The text couldn't be clearer. Moreover, as the District Court readily acknowledged, ER-17–18, its interpretation "would require civil plaintiffs, seeking relief under a remedial

---

[6] Section 1595's beneficiary liability provision and §1591(a)(2) address the same conduct, but the former requires "constructive knowledge" while the latter "is a criminal statute, penalizing the same conduct when a defendant has actual knowledge of the sex trafficking at issue." *Mindgeek II*, 2021 WL 5990195, at *7.

provision of the [CDA], to meet a criminal *mens rea* standard." *Mindgeek II*, 2021 WL 5990195, at *8. In the civil context, however, in 2008 Congress expressly "lowered the mens rea" requirement under §1595, and did so to capture not only direct perpetrators of a violation of §1591 but also beneficiaries with constructive knowledge. *See Twitter*, 2021 WL 3675207, at *24 n.4. The District Court's ruling entirely undoes that work.

The Eleventh Circuit and most district courts have rejected this reading. *See Red Roof Inns*, 21 F.4th at 724; *E.S. v. Best W. Int'l, Inc*, 510 F. Supp. 3d 420, 427 (N.D. Tex. 2021) (collecting cases). As the Eleventh Circuit explained in *Red Roof Inns*, "transposing" the "statutory definition from this criminal section to the civil cause of action" is improper for two reasons. First, §1591 "clearly states that its definition of 'participation in a venture' applies only 'in this section.'" *Red Roof Inns*, 21 F.4th at 724. Second, "the civil provisions of §1595(a) **make no sense** with §1591's definition of 'participation in a venture' read in" because it makes the "should have known" language in §1595 "superfluous." *Id.* ("[W]e get a **nonsense sentence**: benefited 'from [*knowingly* assisting, supporting, or facilitating a violation of subsection (a)(1)] which that person knew *or should have known* has engaged in an act in violation of this chapter.'") (alterations and emphasis in original).

While the Eleventh Circuit confronted the issue facing this Court in the context of a "regular" §1595 defendant (*i.e.*, non-website defendant not otherwise

subject to §230), its analysis applies equally here. Replacing §1595's constructive knowledge standard with §1591's actual knowledge standard would result in "nonsense." As *Twitter* explained, the same is true in the context of a website defendant—applying the "knowing[ ]" standard from the §1591 definition to §1595 would "void" §1595's more lenient, constructive knowledge standard ("knew or should have known"). *Twitter*, 2021 WL 3675207, at *23 ("[W]here a plaintiff seeks to impose civil liability under [§1595] based on a violation of [§1591(a)(2)]), . . . the 'known or should have known' language of [§1595] appl[ies] (rather than the actual knowledge standard of [§1591(a)]"). The District Court's conclusion renders §1595's constructive knowledge language meaningless. It therefore violates a "cardinal principle of statutory construction"—that "'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *Hooks v. Kitsap Tenant Support Servs., Inc.*, 816 F.3d 550, 560 (9th Cir. 2016) (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001)).

The District Court suggested that applying §1595's constructive knowledge standard would impose a duty on all websites to inspect all user-generated content. ER-19. But that is not what Plaintiffs demand. Rather, where Reddit engages in conduct that incentivizes the presence of child pornography; when it profits off of such illegal content; when its moderators propagate the distribution of child

40

pornography; and when it is presented with indisputable evidence that child pornography (including of Plaintiffs) is on its site, but does nothing to remove or prevent it, there is at least a fact question concerning the extent to which Reddit was on notice of criminal conduct such that §1595's constructive knowledge standard would be triggered. *See Williams v. Yamaha*, 851 F.3d 1015, 1028 (9th Cir. 2017). As in all cases, these are factual questions for the court to address with the benefit of a full record on summary judgment, and the jury at trial, not a basis to erase the constructive knowledge standard written into the law.

## III. <u>UNDER THE PROPER STANDARD, PLAINTIFFS ADEQUATELY PLEADED A SECTION 1595 CLAIM AGAINST REDDIT.</u>

A plaintiff bringing a beneficiary liability claim under §1595(a) must plead facts establishing an underlying violation of §1591 by someone (here, the trafficker) and allege three elements against the civil defendant: the beneficiary (1) knowingly benefits (2) from participation in a venture (3) which that person knew or should have known has engaged in an act in violation of §1591. Although the Amended Complaint satisfied each requirement, the District Court set aside Plaintiffs' well-pleaded allegations, concluding that under its (erroneous) interpretation of the statute that Plaintiffs failed to allege Reddit's criminal "knowing" participation in a venture. Under the proper civil pleading standard, Plaintiffs' TVPRA claim should proceed.

41

### A.    Plaintiffs Are The Victims Of Sex Trafficking Under Section 1591.

Under §1591(a)(1), a trafficker is liable for, *inter alia*, knowingly advertising or soliciting a minor that will be caused to engage in a "commercial sex act." §1591(a)(1).  There is no serious question that Plaintiffs alleged they are victims of sex trafficking under §1591 because child pornography is a commercial sex act, and posting such content online violates §1591.

#### 1.    Child pornography is a commercial sex act.

"Commercial sex act" is broadly defined as "***any*** sex act on account of which ***anything of value*** is given to or received by ***any person***." §1591(e)(3) (emphasis added).  The term includes pornography, and child pornography specifically.  *See, e.g.*, *Mindgeek I*, 2021 WL 4167054, at *7 ("posting child pornography is a commercial sex act" under §1591) (citing *Twitter*, 2021 WL 3675207, at *27).

#### 2.    Plaintiffs allege they are victims of sex trafficking.

Plaintiffs each allege that they (or their minor children) are victims of sex trafficking under §1591, including because their traffickers knowingly solicited and advertised them by uploading sexually explicit images of them to Reddit.  ER-36–37, ER-102–103 (FAC ¶¶8–13, 248–258).

The conduct of Plaintiffs' traffickers violates §1591.  In enacting §1591, Congress recognized that "[t]he sex industry has rapidly expanded over the past several decades.  It involves sexual exploitation of persons, predominantly women and girls, involving activities related to . . . pornography . . . and other commercial

sexual services." Pub. L. No. 106-386 §102(b)(2), 114 Stat. 1466 (Oct. 28, 2000).

In 2015, Congress added "patroniz[ing]," "solicit[ing]," and "advertis[ing]" as

alternatives in §1591 specifically so the law would extend to conduct at issue here.

Pub. L. No. 114-22 §108(a), §118(b), 129 Stat. 239 (May 29, 2015). Applying the

amended statute, courts have repeatedly held that advertising and soliciting victims

on social media—like Plaintiffs' traffickers did here—violates §1591. *See, e.g.*,

*M.L.*, 2020 WL 5494903, at *6 (denying motion to dismiss §1595 claim based on

predicate act of advertising victims on craigslist).

As to Jane Doe 1, her trafficker communicated with Reddit users in an effort

to get more "exposure" for the child pornography in which she was featured, and

encouraged users to film themselves masturbating to the images. ER-77 (FAC

¶¶146–147). As to the other victims, their trafficker(s) enticed them to provide

photos and posted the photos along with the girls' social media usernames,

encouraging a barrage of "friend" requests from men seeking additional images

and/or sex acts from the victims. ER-79, ER-82–95 (FAC ¶¶156–158, 169, 175–

177, 195, 203–204, 213–215, 224–225). *See U.S. v. Haas*, 986 F.3d 467, 478 (4th

Cir. 2021) (finding that trafficker "recruit[ed]," "entice[d]," and "solicit[ed]"

individuals to participate in commercial sex act where he expressed interest in

obtaining photos of them and procuring them to make child pornography).

The Amended Complaint also alleges Plaintiffs' traffickers acted with the requisite *mens rea*. §1591(a) (violation where "the person has not attained the age of 18 years and will be caused to engage in a commercial sex act"). All of the victims were underage, ER-76, ER-79, ER-84, ER-90–94 (FAC ¶¶143, 156, 175, 202, 212, 223), and the traffickers had a reasonable opportunity to observe the victims, *see* §1591(c), who were clearly identifiable in the posted media, ER-77, ER-79, ER-84, ER-90–95 (FAC ¶¶145, 156, 176, 203, 214, 225). This satisfies the knowledge element, especially at the pleading stage. *See U.S. v. Robinson*, 702 F.3d 22, 32 (2d Cir. 2012) (*mens rea* satisfied where defendant had reasonable opportunity to observe victim).

Finally, both Reddit and Reddit users received "anything of value" from the commercial sex acts here. Reddit users received "anything of value" (to them) by gaining access to child pornography featuring Plaintiffs. Reddit received additional traffic and advertising revenue. ER-78–79, ER-84, ER-90–96 (FAC ¶¶155, 174, 201, 211, 222, 230). And Jane Doe 1's trafficker and Reddit received additional sexually explicit videos and images in exchange for the videos and images he posted on Reddit. ER-77 (*Id.* ¶¶146–147).

### B. Reddit Knowingly Received A Benefit.

The District Court did not determine whether Plaintiffs adequately pled that Reddit "knowingly benefited" "financially" or by receiving "anything of value," and

instead dismissed their TVPRA claim based solely on its interpretation of the "participation in a venture" standard. *See* ER-17–20. While Reddit may perhaps argue that the District Court's decision may be affirmed on the alternative ground that Plaintiffs failed to plead that Reddit "knowingly benefits," Plaintiffs' extensive allegations of Reddit's benefit demonstrate otherwise.

A plaintiff need only plead that the defendant knowingly received a benefit, not that the benefit was provided to the defendant specifically because of its involvement in sex trafficking. *See H.H. v. G6 Hosp., LLC*, No. 2:19-CV-755, 2019 WL 6682152, *2 (S.D. Ohio Dec. 6, 2019) ("The statutory language requires that [the defendant] knowingly benefit financially, ***not*** that the perpetrator compensate [the defendant] 'on account of' the sex trafficking." (emphasis added)); *see also Mindgeek I*, 2021 WL 4167054, at *7 (same); *Twitter*, 2021 WL 3675207, at *26 (same).

Plaintiffs' allegations readily satisfy the "knowingly benefits" element of their TVPRA claim. Plaintiffs allege that Reddit received "anything of value" as a result of their traffickers' posting of child pornography, in the form of increased traffic and advertising revenue. ER-35, ER-47, ER-51–55, ER-78–79, ER-84, ER-90–99 (FAC ¶¶2, 48, 62, 64–65, 67–68, 70–71, 73–74, 155, 174, 201, 211, 222, 230–232, 235). Reddit markets itself to brands by promising to connect them with specific interest groups and subreddits. ER-53 (*Id.* ¶70). By facilitating the distribution of child

pornography, Reddit drives traffic to its site, which attracts advertising dollars. ER-51–52 (*Id.* ¶63–64). Advertisers are incentivized to target subreddits with more views, and tools like RedditList and FrontPage Metrics help advertisers identify subreddits with the most user engagement, including subreddits targeting child pornography. ER-54–55 (*Id.* ¶¶73–74).

Reddit's financial benefit is specifically linked to the distribution of child pornography. Plaintiffs allege that Reddit financially benefited from each of their trafficking, ER-78–79, ER-84, ER-90–96 (*Id.* ¶¶155, 174, 201, 211, 222, 230); that photos and videos of Plaintiffs have appeared on dozens of subreddits targeting child pornography, ER-96–97 (*Id.* ¶231); and that many of these subreddits have high levels of user engagement, featuring hundreds of new posts on any given day, and thousands of upvotes across posts, ER-99 (*Id.* ¶232). Plaintiffs further allege that Reddit benefited financially by generating advertising revenue tied to child pornography featuring Plaintiffs and/or their daughters, ER-99 (*Id.* ¶235).

These allegations are similar to those found sufficient in other §1595 cases against websites, including Twitter and Pornhub. In *Twitter*, the court found the complaint sufficiently alleged "how Twitter monetizes content, including CSAM, through advertising, sale of access to its API, and data collection," and that Twitter monetized videos of the plaintiffs in particular, which drove traffic to the site. *Twitter*, 2021 WL 3675207, at *27; *see Mindgeek I*, 2021 WL 4167054, at *6

(crediting substantially similar allegations). Likewise, Plaintiffs allege that Reddit received monetized child pornography through data collection, received advertising revenue, including on at least one Reddit page on which Plaintiffs' images appeared, and benefited from increased traffic to its site resulting from this content. These benefits are sufficient to "plausibly allege[] that Defendants knowingly received benefits from the trafficking venture." *Mindgeek I*, 2021 WL 4167054, at *6.

### C. Reddit Participated In A Venture Under Section 1595.

#### 1. The District Court applied an incorrect standard for "participation in a venture."

The District Court misconstrued §1595's "participation in a venture" element by transposing the §1591 (criminal) definition of "participation in a venture" onto §1595. ER-17 (citing §1591(e)(4) which defines "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)").[7] As explained *supra* Section II, the Eleventh Circuit and most district courts have rejected this reading, explaining that "transposing" the criminal definition to the civil provision is improper for two reasons. *See Red Roof Inns*, 21 F.4th at 724; *E.S.*, 510 F. Supp. 3d at 427 (collecting district court cases). First, §1591 "clearly states that its definition of 'participation in a venture' applies only 'in this section.'" *Red Roof Inns*, 21 F.4th at 724. Second, "the civil provisions of §1595(a) make no sense with

---

[7] The District Court initially reached this conclusion when it granted Reddit's motion to stay discovery, ER-28, ruling without the benefit of full briefing, and stuck to that ruling in its later order dismissing the Amended Complaint.

§1591's definition of 'participation in a venture' read in" because it makes the "should have known" language in §1595 "superfluous." *Id.*

The District Court magnified its error by suggesting there must be a formal business deal or even a direct exchange of money to satisfy §1595's "participation in a venture" element. ER-18–19. But §1595 contemplates a myriad of ways to demonstrate participation in a venture: "whoever knowingly benefits, financially *or by receiving anything of value . . . .*" §1595(a)(1) (emphasis added). The disjunctive "or" between "financially" and "by receiving anything of value" demonstrates that no direct exchange of money is necessary. All that §1595 requires is that the defendant benefit from its participation in a venture, not that the trafficker personally compensate the defendant. *See, e.g.*, *Mindgeek I*, 2021 WL 4167054, at *7 (rejecting argument that §1595 requires a "quid pro quo between the sex act and an exchange of something of value"); *H.H*, 2019 WL 6682152, at *2 (§1595 does not require "that the perpetrator compensate Defendant 'on account of' the sex trafficking.").

District courts in the Ninth Circuit have applied the correct standard and found allegations similar to Plaintiffs' satisfy the "participation in a venture" element of §1595 claims against web platforms like Reddit. *See Twitter*, 2021 WL 3675207, at *23–25; *Mindgeek I*, 2021 WL 4167054, at *5–6. Under the correct standard, Plaintiffs "are not required to allege an 'overt act' of participation in the sex trafficking itself" but need only allege the website has "become a safe haven and a

48

refuge for" child pornography by virtue of the "continuous business relationship between the trafficker and [website] such that it would appear that the trafficker and [website] have established a pattern of conduct or could be said to have a tacit agreement." *Twitter*, 2021 WL 3675207, at *25.

### 2. Applying the correct standard, Plaintiffs plead Reddit's participation.

Plaintiffs sufficiently allege Reddit is a safe haven for child pornography by virtue of its tacit business relationship with traffickers. Ultimately, the extent of Reddit's participation in the child sex-trafficking venture is a fact-intensive question to be resolved through discovery because the scope of Reddit's knowledge, actions, and inaction concerning child pornography are in its own possession. While Reddit may perhaps argue that this Court should affirm even under the correct standard, it would be wrong. Plaintiffs' allegations are sufficient to survive a motion to dismiss. *See, e.g.*, *Williams*, 851 F.3d at 1028 (plaintiffs adequately pleaded knowledge "pre-discovery" by generally describing how consumer complaints putting defendant on notice of design defect were recorded); *Mogadam v. Fast Eviction Servs.*, No. SACV 14-01912 JVS (RNBx), 2015 WL 1534450, at *2 (C.D. Cal. Mar. 30, 2015) (where factual question concerning use of a system "is often a fact exclusively within the defendant's possession, the Court cannot expect that the plaintiff will be able to plead the existence of the system with specificity before an opportunity for discovery").

District courts in this Circuit have repeatedly found allegations like Plaintiffs' satisfy the "participation in a venture" element of §1595 claims against web platforms like Reddit's. In *Twitter*, the court credited allegations of participation in a venture where plaintiffs alleged that Twitter "enables sex trafficking on its platform," including by (i) making it difficult for users to report child pornography; (ii) allowing "large amounts" of such material on its platform, "despite having both the ability to monitor it, and actual and/or constructive knowledge of its posting on the platform"; (iii) dramatically underreporting child pornography to NCMEC; and (iv) enabling and failing to remove hashtags and search suggestion features that make it easier for users to find child pornography. *Twitter*, 2021 WL 3675207, at *25–26. As for their images posted on Twitter, the plaintiffs alleged "Twitter was specifically alerted" that this content was child pornography "but either failed or refused to take action" even after multiple reports from them and others. *Id.* at *26. The court concluded "these allegations are sufficient to allege an ongoing pattern of conduct amounting to a tacit agreement with the perpetrators in this case to allow them to post videos and photographs it knew or should have known were related to sex trafficking without blocking their accounts or the videos." *Id.*

And in *Mindgeek I*, the court held the complaint sufficiently pled participation in a venture through allegations that defendants (i) "permit[] large amounts of" child pornography on their platform, "despite having the ability to monitor it"; (ii) "make

it easy for users to find child pornography" through coded language; and (iii) "actively employ tactics to make it difficult for law enforcement to locate traffickers." 2021 WL 4167054, at *5. Moreover, as to the plaintiff herself, the *Mindgeek* complaint alleged "sufficient facts to make it plausible that defendants were aware the videos of plaintiff contained child pornography and failed to remove them, thereby creating a venture." *Id.* at *6; *see also M.L.*, 2020 WL 5494903, at *5 (plaintiff adequately pled defendant's participation based on defendant's awareness that its site hosted sex trafficking content and continued acceptance of that content for financial benefit).

Plaintiffs plead the same kinds of conduct as in *Twitter* and *Mindgeek*, and plausibly allege that Reddit knowingly fostered a business relationship with sex traffickers. *First*, Plaintiffs allege that Reddit was aware that its website was hosting large amounts of child pornography. ER-48–50, ER-63–76, ER-85–86, ER-99 (FAC ¶¶53–56, 60, 97–102, 105, 112, 127–131, 133–142, 180, 184, 233–234).

*Second*, Plaintiffs allege that Reddit's search tools also enable users to share and locate child pornography, ER-47, ER-57–59 (FAC ¶¶49, 83, 89), and that Reddit makes it hard to report such content, ER-56, ER-66–67, ER-87 (FAC ¶¶82, 107–108, 190–191), and dramatically underreports known instances of child pornography to NCMEC, ER-71 (*Id.* ¶124).

*Third*, Reddit fosters a safe haven for child pornography in a number of ways. Despite the ability to monitor, detect, and prevent such content, Reddit fails to implement basic security measures like age verification, IP and email address tracking to ban repeat offenders, and it does not use child pornography detection technology. ER-48, ER-68, ER-71 (*Id.* ¶¶51, 113–114, 122–123). Plaintiffs also allege Reddit fails to adequately train or supervise moderators, and it has assured traffickers that "more than 99%" of moderator complaints are not actionable, making sure that traffickers know Reddit is a safe haven for objectionable content like child pornography. ER-66 (*Id.* ¶107). Despite its claimed policies prohibiting child pornography, Reddit has made tacit agreements with traffickers to promote child pornography and to allow it to remain on its site even after users have reported it, and indeed, even after Reddit has claimed to have taken action to remove it. ER-48–49, ER-64, ER-68, ER-81, ER-87 (*Id.* ¶¶53–57, 100, 112, 166–167, 189). For example, Reddit allows traffickers, like the individual(s) believed to have trafficked Plaintiffs' daughters, to be moderators. ER-67, ER-81, ER-86 (*Id.* ¶110, 165, 187).

*Fourth*, Plaintiffs allege Reddit was specifically alerted that content featuring Plaintiffs or their daughters was child pornography but either failed or refused to take action even after multiple reports from them and others. ER-76–99 (*Id.* ¶¶143–233).

The District Court tried to distinguish between the allegations here and in *Twitter* ("employees of defendant refused to take down videos of plaintiff") and *Mindgeek* (employees "reviewed, approved, and uploaded" the illegal content). ER-19.[8] But here too, Plaintiffs allege that Reddit *administrators*, who are Reddit employees, refused to take down Plaintiffs' (or their daughters') images after being notified the content was illegal child pornography, and reviewed and approved the content even after Plaintiffs notified Reddit that it was distributing child pornography, with Reddit responding (falsely) that the content did not violate its policies. ER-79–80, ER-84–99 (FAC ¶¶159–160, 162, 178–179, 181, 205, 207, 216, 218, 226, 233). Plaintiffs further allege that by design, Reddit uses unpaid volunteers as its agents for moderating sub-reddit pages. ER-46, ER-55, ER-67, ER-74 (*Id.* ¶¶44, 78, 110, 132, 135). Those volunteer moderators, deputized by Reddit to monitor pages and enforce forum rules, include Plaintiffs' traffickers, who are believed to have posted the child pornography of Plaintiffs (or their daughters) in the first place. ER-81, ER-86 (*Id.* ¶¶165, 187). The Court's "participation in a venture" analysis did not address these facts. ER-18–20.

---

[8] The court also tried to distinguish *M.L.* on the grounds that the plaintiff alleged the defendant website accepted money directly from the traffickers, but ignored the other similarities between the pleadings. ER-20. In any event, such a requirement appears nowhere in the statute and *M.L.* does not establish a floor for the sufficiency of pleading participation.

Given these extensive allegations of Reddit's conduct, there is at least a fact question whether Reddit "participated" in the venture. Of course, the full extent of Reddit's conduct, actions and inaction, and participation in the venture is for discovery. *See Williams*, 851 F.3d at 1028.

### D.     Reddit "Knew Or Should Have Known" Of The Trafficking.

The proper interpretation of §1595 requires only that Plaintiffs allege Reddit "knew or should have known" that the underlying ventures were engaged in sex trafficking. *See Twitter*, 2021 WL 3675207, at *28 ("While Twitter need not have actual knowledge of the sex trafficking in order to have participated in the sex trafficking venture for purposes of Section 1595, Plaintiffs must allege at least that Twitter knew or should have known that Plaintiffs were the victims of sex trafficking at the hands of users who posted the content on Twitter.") (citation omitted). Section 1595 imposes a "negligence standard of constructive knowledge." *H.H.*, 2019 WL 6682152, at *3; *see also S.Y. v. Naples Hotel Co.*, 476 F. Supp. 3d 1251, 1256 (M.D. Fla. 2020); *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-cv-00155, 2020 WL 6318707, at *4 (N.D. Cal. Oct. 28, 2020). The extent of Reddit's actual or constructive knowledge is uniquely in Reddit's possession, and cannot be resolved at the pre-discovery stage. *See, e.g.*, Fed. R. Civ. P. 9(b) ("knowledge . . . may be alleged generally"); *Williams*, 851 F.3d at 1028. Nevertheless, the Amended Complaint *does* allege Reddit's knowledge.

Plaintiffs allege that Reddit "knew or should have known" of the presence of child pornography on its website from a variety of third-party sources. There are countless instances where users (including Plaintiffs) complained that they reached out to Reddit moderators or administrators about child pornography being posted on Reddit and no action was taken; indeed, in many instances, Reddit affirmatively refused to remove such content. ER-48–49, ER-80–85, ER-93–95 (FAC ¶¶54–57, 160, 162, 168–169, 181, 216, 226). Reddit also learned of the presence of trafficking material from the press and advocacy groups. ER-74–76 (*Id.* ¶¶133–142). Reddit's awareness of child pornography on its website is also apparent from the names of subreddits that obviously target users interested in child pornography, like /r/JustTeens, /r/preteengirls, and /r/the newjailbait. ER-72–73 (*Id.* ¶127).

The Amended Complaint also details numerous instances where Reddit has left child pornography on its site even after it claims to have suspended the trafficker. ER-64, ER-86, ER-99 (*Id.* ¶¶100, 184, 233). Reddit has also claimed to have "investigated" and "actioned" offending content (including that of Plaintiffs or their daughters), yet the posts have remained online. ER-68, ER-80, ER-85–86 (*Id.* ¶¶112, 160–161, 180, 184). These facts are sufficient to satisfy the constructive knowledge standard. *See Doe S.W. v. Lorain-Elyria Motel, Inc.*, No. 2:19-CV-1194, 2020 WL 1244192, at *5–6 (S.D. Ohio Mar. 16, 2020) (hotel had constructive knowledge of sex trafficking where it had been made aware that sex trafficking

occurred on its properties via "online review websites such as TripAdvisor and www.yelp.com" observing that the reviews showed the pervasiveness of the sex trafficking and defendant's inattentiveness).

In addition, several TVPRA cases support liability where, like here, a defendant is on notice about the prevalence of sex trafficking at its establishment but fails to take adequate steps to train staff or prevent its occurrence. *See, e.g.*, *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 966–68 (S.D. Ohio 2019) ("[F]ailure to implement policies sufficient to combat a known problem in one's operations can rise to the level of willful blindness or negligence [under §1595].");  *H.H.,* 2019 WL 6682152, at *3 (same).  Like these defendants, Reddit fails to stop trafficking despite being on notice of its prevalence on the website, including by deputizing moderation duties to untrained volunteers (such as Plaintiffs' traffickers) that it encourages not to remove content, when it should have hired paid, trained moderators to enforce content policies like other social media firms.  ER-66–68, ER-81, ER-86 (FAC ¶¶106–114, 165, 187).  Reddit's deliberate structure all but guarantees that Reddit does nothing to discourage or prevent child pornography on its site, let alone remove it.  On the contrary, Reddit's profit-centered goal is to distribute as much offensive content as possible, something its moderators are well aware of.  ER-42, ER-55 (*Id.* ¶¶33, 75, 80).

Under this "lenient" standard of constructive knowledge, Plaintiffs are not required to plead that Reddit knew or should have known of the trafficking ***involving Plaintiffs***. *M.L.*, 2020 WL 5494903, at *6 (noting that knowledge of plaintiff's specific "trafficking or of Plaintiff's specific identity" were not necessary where "craigslist knowingly fostered a business relationship with traffickers to support the venture of trafficking Plaintiff"); *but see Red Roof Inns*, 21 F.4th at 725 (holding that a TVPRA §1595 plaintiff must plead the defendant's actual or constructive knowledge that "the venture . . . violated the TVPRA as to the plaintiff"). Nevertheless, the Amended Complaint does allege Reddit knew of Plaintiffs' trafficking. On numerous occasions (indeed, hundreds of times), Plaintiffs' notified Reddit that they (or their daughters) were underage and had been featured in child porn on Reddit's website, but that Reddit failed to remove the posts. ER-77–99 (FAC ¶¶148–149, 159, 166–167, 169, 171, 178, 192–193, 195, 205–206, 216–217, 226, 233). These allegations satisfy the knowledge element of a §1595 claim.

## IV.   **PLAINTIFFS ADEQUATELY ALLEGED THAT REDDIT ITSELF VIOLATED SECTION 1591**

Finally, even if the District Court were correct that §230(e)(5)(A) requires a plaintiff to plead that a website like Reddit itself violated §1591, the Amended Complaint *in fact* sufficiently alleges the requisite *mens rea* to support direct liability. Section 1591(a)(2) provides that whoever "knowingly" "benefits financially or by receiving anything of value, from participation in a venture which

has engaged in an act described in violation of paragraph (1), knowing . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . ." §1591(a)(2); *see* §1591(e)(4) (defining "participation in a venture" as "knowingly assisting, supporting, or facilitating a violation of" §1591(a)(1)).

The Amended Complaint alleges Plaintiffs are victims of Reddit's trafficking under §1595(a)(2), as Reddit benefits from participating in a venture "knowing" that it involved child sex trafficking. There is no question that Reddit had widespread, actual knowledge of the sex trafficking on its websites, including Plaintiffs' trafficking specifically. Plaintiffs allege that they were trafficked by individual(s) believed to be subreddit moderators. *E.g.*, ER-81, ER-86 (FAC ¶¶, 165, 187). Plaintiffs also alleged that they contacted Reddit on numerous occasions (indeed, hundreds of times) notifying Reddit that they (or their daughters) were underage and had been featured in child pornography on Reddit's website. ER-77–95 (FAC ¶¶148–149, 159, 166–167, 169, 171, 178, 192–193, 195, 205–206, 216–217, 226). The Amended Complaint also alleges how users repeatedly commented on the Plaintiffs' child pornography, ER-99 (*Id.* ¶233); how Plaintiffs reported the existence of such child pornography to Reddit, which declined to remove the posts, *id.*; and how Reddit placed advertisements on one or more of the subreddits that featured Plaintiffs' illegal pornographic images, ER-99 (*Id.* ¶235).

Reddit benefits from distributing child pornography, which includes lining Reddit's pockets through increased traffic, monetizing users and content, and receiving advertiser revenue. *See* §1591(a)(2); *Twitter*, 2021 WL 3675207, at *27 (crediting allegations of benefits in form of increased traffic to web platform and advertising revenue).

The Amended Complaint also alleges Reddit's overt acts, as Reddit highlights popular subreddits—which include subreddits featuring child pornography—for its advertisers, ER-51–55 (FAC ¶¶64, 73–74); places advertisements on subreddits that have featured and/or promoted Plaintiffs' illegal images, ER-99 (*Id.* ¶235); misleads victims of child pornography, including Plaintiffs, about whether their images will be removed from its websites, ER-80, ER-85 (*Id.* ¶¶161, 180); apparently allows users who directly traffic child pornography to serve as moderators, ER-67, ER-81, ER-86 (*Id.* ¶¶110, 165, 187); and affirmatively opts to continue distributing child pornography, even with specific knowledge of its nature and location, ER-77–80, ER-84–86, ER-91–95 (*Id.* ¶¶148–149, 159–63, 178–84, 205–207, 216–218, 226). Such allegations are plausible and sufficient to survive a motion to dismiss even under the District Court's (erroneous) interpretation of the statute. *See Canosa v. Ziff*, No. 18 Civ. 4115, 2019 WL 498865, at *24 (S.D.N.Y. Jan. 28, 2019) (alleging a "pattern of facilitation and cover-up" "state[s] a claim of participation . . . under Section 1591(a)(2)").

## **CONCLUSION**

For the foregoing reasons, the Court should reverse the District Court's order dismissing Plaintiffs' TVPRA §1595 claim.


Dated: February 28, 2022                    Respectfully Submitted,

                                            SUSMAN GODFREY L.L.P.

                                            By: */s/ Krysta Kauble Pachman*
                                            _____
                                                 Arun Subramanian
                                                 Davida Brook
                                                 Krysta Kauble Pachman
                                                 Tamar E. Lusztig
                                                 Halley W. Josephs
                                                 Amy Gregory

                                            Attorneys for Plaintiffs-Appellants,
                                            Jane Does No. 1–6 & John Does No. 2, 3, and 5

## <u>STATEMENT OF RELATED CASES</u>

Pursuant to Circuit Rule 28-2.6, the undersigned attorney states the following: I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

Case Nos. 22-15103, 22-15104 (cross-appeal), *John Doe #1, et al. v. Twitter, Inc.*, No. 21-cv-00485-JCS, --- F. Supp. 3d ---, 2021 WL 3675207, at *24 (N.D. Cal. Aug. 19, 2021). The *Twitter* case is the subject of a pending interlocutory appeal before this Court, addressing the same issue of the proper interpretation of 47 U.S.C. §230(e)(5)(A) and 18 U.S.C. §1595(a).


Dated: February 28, 2022          By: */s/ Krysta Kauble Pachman*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitations of Circuit Rule 32-1 and Fed. R. App. P. 32(a)(7)(B)(i) because it contains 13,719 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using a proportionally spaced typeface using Microsoft Word 2010 in Times New Roman 14-point font.

Dated:  February 28, 2022     By: */s/ Krysta Kauble Pachman*

## <u>CERTIFICATE OF SERVICE</u>

I, Krysta Kauble Pachman, a member of the Bar of this Court, hereby certify that on February 28, 2022 I caused to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system the following document:

### APPELLANTS' OPENING BRIEF

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.


Dated: February 28, 2022          By: */s/ Krysta Kauble Pachman*

# ADDENDUM

# <u>TABLE OF CONTENTS</u>

**Page(s)**

## FEDERAL STATUTES

47 U.S.C. § 230 ..................................................................ADD-1

18 U.S.C. § 1595 ................................................................ADD-5

18 U.S.C. § 1591................................................................ADD-7

United States Code Annotated
    Title 47. Telecommunications (Refs & Annos)
        Chapter 5. Wire or Radio Communication (Refs & Annos)
            Subchapter II. Common Carriers (Refs & Annos)
                Part I. Common Carrier Regulation

47 U.S.C.A. § 230

§ 230. Protection for private blocking and screening of offensive material

Effective: April 11, 2018
Currentness

**(a) Findings**

The Congress finds the following:

**(1)** The rapidly developing array of Internet and other interactive computer services available to individual Americans represent an extraordinary advance in the availability of educational and informational resources to our citizens.

**(2)** These services offer users a great degree of control over the information that they receive, as well as the potential for even greater control in the future as technology develops.

**(3)** The Internet and other interactive computer services offer a forum for a true diversity of political discourse, unique opportunities for cultural development, and myriad avenues for intellectual activity.

**(4)** The Internet and other interactive computer services have flourished, to the benefit of all Americans, with a minimum of government regulation.

**(5)** Increasingly Americans are relying on interactive media for a variety of political, educational, cultural, and entertainment services.

**(b) Policy**

It is the policy of the United States--

**(1)** to promote the continued development of the Internet and other interactive computer services and other interactive media;

**(2)** to preserve the vibrant and competitive free market that presently exists for the Internet and other interactive computer services, unfettered by Federal or State regulation;

**(3)** to encourage the development of technologies which maximize user control over what information is received by individuals, families, and schools who use the Internet and other interactive computer services;

**(4)** to remove disincentives for the development and utilization of blocking and filtering technologies that empower parents to restrict their children's access to objectionable or inappropriate online material; and

**(5)** to ensure vigorous enforcement of Federal criminal laws to deter and punish trafficking in obscenity, stalking, and harassment by means of computer.

**(c) Protection for "Good Samaritan" blocking and screening of offensive material**

**(1) Treatment of publisher or speaker**

No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.

**(2) Civil liability**

No provider or user of an interactive computer service shall be held liable on account of--

**(A)** any action voluntarily taken in good faith to restrict access to or availability of material that the provider or user considers to be obscene, lewd, lascivious, filthy, excessively violent, harassing, or otherwise objectionable, whether or not such material is constitutionally protected; or

**(B)** any action taken to enable or make available to information content providers or others the technical means to restrict access to material described in paragraph (1). [1]

**(d) Obligations of interactive computer service**

A provider of interactive computer service shall, at the time of entering an agreement with a customer for the provision of interactive computer service and in a manner deemed appropriate by the provider, notify such customer that parental control protections (such as computer hardware, software, or filtering services) are commercially available that may assist the customer in limiting access to material that is harmful to minors. Such notice shall identify, or provide the customer with access to information identifying, current providers of such protections.

**(e) Effect on other laws**

**(1) No effect on criminal law**

Nothing in this section shall be construed to impair the enforcement of section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of Title 18, or any other Federal criminal statute.

**(2) No effect on intellectual property law**

Nothing in this section shall be construed to limit or expand any law pertaining to intellectual property.

**(3) State law**

Nothing in this section shall be construed to prevent any State from enforcing any State law that is consistent with this section. No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section.

**(4) No effect on communications privacy law**

Nothing in this section shall be construed to limit the application of the Electronic Communications Privacy Act of 1986 or any of the amendments made by such Act, or any similar State law.

**(5) No effect on sex trafficking law**

Nothing in this section (other than subsection (c)(2)(A)) shall be construed to impair or limit--

**(A)** any claim in a civil action brought under section 1595 of Title 18, if the conduct underlying the claim constitutes a violation of section 1591 of that title;

**(B)** any charge in a criminal prosecution brought under State law if the conduct underlying the charge would constitute a violation of section 1591 of Title 18; or

**(C)** any charge in a criminal prosecution brought under State law if the conduct underlying the charge would constitute a violation of section 2421A of Title 18, and promotion or facilitation of prostitution is illegal in the jurisdiction where the defendant's promotion or facilitation of prostitution was targeted.

**(f) Definitions**

As used in this section:

**(1) Internet**

The term "Internet" means the international computer network of both Federal and non-Federal interoperable packet switched data networks.

ADD- 3

**(2) Interactive computer service**

The term "interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

**(3) Information content provider**

The term "information content provider" means any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service.

**(4) Access software provider**

The term "access software provider" means a provider of software (including client or server software), or enabling tools that do any one or more of the following:

**(A)** filter, screen, allow, or disallow content;

**(B)** pick, choose, analyze, or digest content; or

**(C)** transmit, receive, display, forward, cache, search, subset, organize, reorganize, or translate content.

## CREDIT(S)

(June 19, 1934, c. 652, Title II, § 230, as added Pub.L. 104-104, Title V, § 509, Feb. 8, 1996, 110 Stat. 137; amended Pub.L. 105-277, Div. C, Title XIV, § 1404(a), Oct. 21, 1998, 112 Stat. 2681-739; Pub.L. 115-164, § 4(a), Apr. 11, 2018, 132 Stat. 1254.)

## EXECUTIVE ORDERS

## EXECUTIVE ORDER NO. 13925

<May 28, 2020, 85 F.R. 34079>

### Preventing Online Censorship

By the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered as follows:

**Section 1. Policy.** Free speech is the bedrock of American democracy. Our Founding Fathers protected this sacred right with the First Amendment to the Constitution. The freedom to express and debate ideas is the foundation for all of our rights as a free people.

United States Code Annotated
  Title 18. Crimes and Criminal Procedure (Refs & Annos)
    Part I. Crimes (Refs & Annos)
      Chapter 77. Peonage, Slavery, and Trafficking in Persons (Refs & Annos)

18 U.S.C.A. § 1595

§ 1595. Civil remedy

Effective: April 11, 2018

Currentness

**(a)** An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

**(b)(1)** Any civil action filed under subsection (a) shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim.

**(2)** In this subsection, a "criminal action" includes investigation and prosecution and is pending until final adjudication in the trial court.

**(c)** No action may be maintained under subsection (a) unless it is commenced not later than the later of--

  **(1)** 10 years after the cause of action arose; or

  **(2)** 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

**(d)** In any case in which the attorney general of a State has reason to believe that an interest of the residents of that State has been or is threatened or adversely affected by any person who violates section 1591, the attorney general of the State, as parens patriae, may bring a civil action against such person on behalf of the residents of the State in an appropriate district court of the United States to obtain appropriate relief.

## CREDIT(S)

  (Added Pub.L. 108-193, § 4(a)(4)(A), Dec. 19, 2003, 117 Stat. 2878; amended Pub.L. 110-457, Title II, § 221(2), Dec. 23, 2008, 122 Stat. 5067; Pub.L. 114-22, Title I, § 120, May 29, 2015, 129 Stat. 247; Pub.L. 115-164, § 6, Apr. 11, 2018, 132 Stat. 1255.)

Notes of Decisions (33)

18 U.S.C.A. § 1595, 18 USCA § 1595

Current through P.L. 117-80. Some statute sections may be more current, see credits for details.

> United States Code Annotated
>   Title 18. Crimes and Criminal Procedure (Refs & Annos)
>     Part I. Crimes (Refs & Annos)
>       Chapter 77. Peonage, Slavery, and Trafficking in Persons (Refs & Annos)

18 U.S.C.A. § 1591

§ 1591. Sex trafficking of children or by force, fraud, or coercion

Effective: December 21, 2018
Currentness

**(a)** Whoever knowingly--

**(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or

**(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

**(b)** The punishment for an offense under subsection (a) is--

**(1)** if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, or if the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had not attained the age of 14 years at the time of such offense, by a fine under this title and imprisonment for any term of years not less than 15 or for life; or

**(2)** if the offense was not so effected, and the person recruited, enticed, harbored, transported, provided, obtained, advertised, patronized, or solicited had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

**(c)** In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years.

**(d)** Whoever obstructs, attempts to obstruct, or in any way interferes with or prevents the enforcement of this section, shall be fined under this title, imprisoned for a term not to exceed 25 years, or both.

**(e)** In this section:

**(1)** The term "abuse or threatened abuse of law or legal process" means the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action.

**(2)** The term "coercion" means--

**(A)** threats of serious harm to or physical restraint against any person;

**(B)** any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person; or

**(C)** the abuse or threatened abuse of law or the legal process.

**(3)** The term "commercial sex act" means any sex act, on account of which anything of value is given to or received by any person.

**(4)** The term "participation in a venture" means knowingly assisting, supporting, or facilitating a violation of subsection (a)(1).

**(5)** The term "serious harm" means any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring that harm.

**(6)** The term "venture" means any group of two or more individuals associated in fact, whether or not a legal entity.

### CREDIT(S)

(Added Pub.L. 106-386, Div. A, § 112(a)(2), Oct. 28, 2000, 114 Stat. 1487; amended Pub.L. 108-21, Title I, § 103(a)(3), Apr. 30, 2003, 117 Stat. 653; Pub.L. 108-193, § 5(a), Dec. 19, 2003, 117 Stat. 2879; Pub.L. 109-248, Title II, § 208, July 27, 2006, 120 Stat. 615; Pub.L. 110-457, Title II, § 222(b)(5), Dec. 23, 2008, 122 Stat. 5069; Pub.L. 114-22, Title I, §§ 108(a), 118(b), May 29, 2015, 129 Stat. 238, 247; Pub.L. 115-164, § 5, Apr. 11, 2018, 132 Stat. 1255; Pub.L. 115-392, § 11(1)(C), Dec. 21, 2018, 132 Stat. 5255.)

Notes of Decisions (170)

18 U.S.C.A. § 1591, 18 USCA § 1591
Current through P.L. 117-80. Some statute sections may be more current, see credits for details.